UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

**10 - 939**

| | |
|---|---|
| DONALD G. JONES | CASE DOCKET NO: |
| VS. | SECTION: **SECT. C MAG. 1** |
| FIRST BANK & TRUST  CO. ET AL | **JURY TRIAL DEMAND -3 JUDGE PANEL DEMAND VOTER's RIGHTS** |

**U.S. DISTRICT COURT**
EASTERN DISTRICT OF LOUISIANA

FILED

MAR 2 2 2010

LORETTA G. WHYTE
CLERK

AND ITS BOARD OF DIRECTORS

| | |
|---|---|
| JOSEPH CANIZARO | J. KENNETH LEDOUX |
| J. MICHAEL BROWN | PATRICK ORILLION |
| STEPHEN DICKIE | DESIREE HARRIS |
| FIRST BANK & TRUST COMMUNITY DEVELOPMENT CORPORATION, ET AL | FIRST BANK CENTER COLUMBUS PROPERTIES, L. P., ET AL |
| STIRLING RESIDENTIAL,INC.-D.B.A. ERA STERLING PROPERTIES, ET Al | SUSAN CAMPBELL |

BRIAN SCHWEDA -D.B.A. QUICK RECOVERY AUTO SALVAGE, Et al & PERSONALLY

| | |
|---|---|
| LOUISIANA SUPREME COURT, ET AL | LOUISIANA LEGISLATURE ET AL |
| LOUISIANA 4TH & 5TH CIRCUIT COURT OF APPEALS,ET AL | GOVERNOR BOBBY JINDAL ET AL |

THE TIMES PICAYUNE, L.L.C.-NEWARK MORNING LEDGER CO.-STAR LEDGER PLAZA

| | |
|---|---|
| THE TIMES-PICAYUNE PUBLISHING CORP., ET Al | COX BROADCASTING, INC.D.B.A. COX MEDIA GROUP, INC. DB.A. AJC & ALSO D.B.A.ATLANTA JOURNAL CONSTITUTION, Et al |

THE NEW YORK TIMES COMPANY D.B.A. NEW YORK TIMES ALSO NY TIMES, ET Al

CIVIL COMPLAINT FOR DAMAGES IN UNLAWFULLY SELLING PROPERTIES IN EXCESS OF $300,000.00-RICO-18 USC PART I C. 73 S. 1519-USC TITLE 18 PART 1 C. 96 1962 ( a thru d )1964 ( a thru d )-UNLAWFUL SEIZURE AND REMOVAL OF MOVEABLE PROPERTY IN EXCESS OF $20,000.00-DAMAGES IN EXCESS OF $4,000,000,000.00 FOR DENIAL OF DUE PROCESS OF LAW-VIOLATIONS OF TITLE VI S. 601-602-603 OF CIVIL RIGHTS ACT-OBSTRUCTION OF JUSTICE-QUA TAM ACTION UNDER FALSE CLAIMS ACT- FEDERAL REVIEW OF DENIAL OF DUE PROCESS OF LAW AS

TENDERED FOR FILING

MAR 1 8 2010

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee _Pauper_
_____ Process_____
X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

GUARANTEED UNDER OUR 5TH & 14TH AMENDMENTS OF OUR U. S. CONSTITUTION-

AND ABRIDGED UPON BY STATE OF LOUISIANA LEGISLATURE-LOUISIANA

SUPREME COURT-LA. 4TH CIRCUIT COURT OF APPEALS-LA. 5TH CIRCUIT COURT OF

APPEALS-DENIAL OF DUE PROCESS OF LAW UNDER THE 5TH AND 14TH

AMENDMENT-FUENTES VS. SHEVIN & ROOKER-FELDMAN DOCTRINE-

NOTICE OF REMAND-DIVERSITY LAWSUIT PURSUANT TO U. S.C. 28 SECTION 1332

AND 1441-LIST OF PARTIES TO REMOVAL ORLEANS CDC NOS. 2008-5783 DIV. H-12

& 2009-5777 DIV. L 6 & 24TH JDC 660026 DIV. B **PETITION FOR EMERGENCY TRO &**

**PERMANENT INJUNCTION HEARING AS AFFORDED IN SCHIAVO VS. SCHIAVO**

**U.S. D. C. M. D. F. NO. 05-00530-CV-27-T-U.S. 11TH CIRCUIT NOS. 05-11556 & 05-11628-**

**DENIAL OF 1ST AMENDMENT RIGHTS-FREEDOM OF SPEECH-CENSORSHIP**

---

NOW COMES INTO THIS HONORABLE U.S. DISTRICT COURT, PLAINTIFF, DONALD

G. JONES , appearing in " pro se form ", being of full majority, a resident, and agent of

businesses located in Fayette County Georgia, doing business in the Parish of Orleans, State of

Louisiana, and Parish Of Jefferson, a Katrina, and Rita victim, and a member of this petition for a

" Class Action Lawsuit " pursuant to, FRCP RULE 4, MY 5TH AND 14TH AMENDMENT

RIGHTS " DUE PROCESS OF LAW " UNDER OUR UNITED STATES CONSTITUTION,

U.S.C. TITLE 28 SECTIONS 1332 ( a ) AND 1441 , Title 28a RULE 23 ( a ) ( 1 ) , ( 2 ) , ( 3 ) ,

( 4 ) and 23 ( g ), for violations of USC 28 SECTION 1962 ( a ) ( c ) ( d ) ( RICO ), and U. S. C.

TITLE 15 ( ANTITRUST AND ILLEGAL MONOPOLIES ), FEDERAL WHISTLEBLOWERS

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

CIVIL COMPLAINT, and such other Constitutional, and Federal Violations later to be
incorporated all in accords with FRCP rules, to which this Honorable U.S. DISTRICT court has
venue all in accords with TITLE 15 CHAPTER 1 section 4, and such other Federal violations
aggrieved upon by Defendants upon Plaintiff Donald G. Jones.

JURISDICTION OF THE HONORABLE UNITED STATES EASTERN DISTRICT COURT

OF LOUISIANA IN THIS CIVIL COMPLAINT ALL IN ACCORDS WITH FRCP RULE 4

THE RULES FOR FILING a Civil Complaint are established by FRCP Rule 4, and Local Rules
LR 4 for Plaintiff Donald G. Jones to file the above Captioned Civil Compliant.

**Jones right to represent himself in this matter is governed by TITLE 28 U.S.C. PART V
CHAPTER III SECTION 1654.**

**" IN ALL COURTS OF THE UNITED STATES the parties may plead and conduct their
own cases personally or by counsel as, by the rules of such courts, respectively, are
permitted to manage and conduct causes therein. "**

Jurisdiction is further conferred on this Hon. U. S. Eastern District Court of Louisiana under
Article III, the 5th and 14th Amendments of Our United States Constitution to hear matters
involving, Denial of Due Process of Law as is guaranteed to Plaintiff Jones under Our United
States Constitution.

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B**

Jurisdiction is further conferred to Our United States Eastern District of Louisiana ( hereinafter referred to as" **Federal District or District Court** ").

Jurisdiction is further conferred to the Federal District to hear matters of Diversity where the parties involved are citizens of different States, Counties ( Parishes ) , and the matter before the Federal District is in excess of $75,000.00 28 U.S.C. SECTION 1332.

Jurisdiction is further conferred on the Federal District to hear matters involving denial of Constitutional rights from Lower State Courts, when the Plaintiff ( Jones ) has raised the United States Constitutional issues before the Lower State Court ( s ) , and the lower State Courts have denied Jones his Constitutionally protected rights under the 5th, and 14th Amendment. Jones is not barred from bringing these denials before the Federal District by Rooker-Feldman, as Jones in over 60% of the Pleadings before the Lower State Court asserted his rights to be heard, and to receive relief from the Lower State Courts as is guaranteed under the 5th, 14th, & 8th Amendments of Our United States Constitution. Such Lower courts which included the Louisiana Supreme Court in Case Dockets No. 2010-C-0254 & 2010-C-0257, Louisiana 4th Circuit Court Of Appeals in Case Dockets no. 2009-C-1545 & 2009-C-1355, as well as Louisiana 5tyh Circuit Court Of Appeals NO. 2009—C-1083 & 2009-C-1084 & 2009-CM-1069, as well Orleans CDC Case Dockets Nos. 2009-5777, & 2008-5783 Div. H12, and finally in Jefferson Parish Case Dockets no. 660026.

Jurisdiction is furthered conferred to the Federal District Court in this matter pursuant to Order issued on September 2, 2009 I n Case Docket NO. 09-CV-2273 before the Honorable U. S.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

District Judge Charles Pannell, Jr. -CAP, and the Honorable Magistrate in that matter, whom remanded the case back to Orleans Parish, and the Eastern District of Louisiana citing No Jurisdiction over the Persons ( namely First Bank & Trust co. et al ).

Jurisdiction is further conferred to the Federal District Court to hear matters involving RICO, and Federal Whistleblowers complaint.

Jurisdiction is further conferred to the Federal District in that Jones properties were, and still are located in Orleans Parish, as well as Jefferson Parish Louisiana, and are in excess of $2,000,000.00 in Real Estate values, over $400,000.00 in unlawfully seized cash, and over $4,000,000,000.00 I damages from unlawfully seized federal documents, and evidence in support of Jones claims in the numerous Federal Courts, and Federal Appellate Courts.

Jurisdiction is further conferred on The Federal District in that, **the Constitutional issues were presented before Our Honorable Lower Courts, and are not barred from Federal review by The Federal District as Rooker-Feldman Doctrine would preclude the Federal District from reviewing, and overturning the rulings of the Louisiana Supreme Court were perfected on March 1, 2010 ( which is an appeal of the La4th CA Case Docket No. 2009-C-1545 and 2009-C-1355 which were timely filed ), and Case Docket No. 2008-5783 has not been ruled upon, and also case docket No. 2009-5777 have not been completed ruled upon, as the matter in question was the right to be granted Forma Pauper.**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

JURISDICTION IS FURTHER conferred on The Federal District to expedite Jones request

for an Emergency EXPEDITED Temporary, and Permanent Injunction HEARING, AND

GRANTING OF SAID RELIEF AGAINST the Defendants, as was granted in the matter of

Schiavo vs. Schiavo – United States Middle Court of Florida Case Dockets No. C05-00530-

T, etc. and U. S. 11TH CIRCUIT COUR TOF APPEALS NOS. 05-11628, AND 05-11556

## OWNERSHIP RIGHTS OF JONES TO THE PROPERTIES BEFORE THE FEDERAL

## DISTRICT AGAINST THE DEFENDANTS-FIRST BANK & TRUST CO. ET AL,

## STIRLING RESIDENTIAL, INC.-D.B.A. ERA STIRLING PROPERTIES, ET AL, BRIAN

## SCHWEDA D. B.A. QUICK RECOVERY AUTO SALVAGE

### 2 STORY PROPERTIES LOCATED AT 4631 & 4631 "A" ANNETTE ST.

### NEW ORLEANS, LA. 70122

JONES has included with the Civil Complaint Jones Ownership Percentages ( % ) Mortgages,

and Leases to the properties which have not been cancelled, and have been in effect since

December 24, 2005, which were provided to all Parties concerned prior to any unlawful seizure,

and unlawful entries, and removal, and destruction of Jones properties.

### 2 STORY- MULTI USE BUILDING AND PARKING LOT PROPERTIES LOCATED AT

### 1023, 1027, 1027 A, 1027 B, 1027 C, & 1031 TOURO ST. NEW ORLEANS, LA. 70116

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

JONES has included with the Civil Complaint Jones Ownership Percentages ( % ) Mortgages, and Leases to the properties which have not been cancelled, and have been in effect since November 14, 2002  which were provided to all Parties concerned prior to any unlawful seizure, and unlawful entries, and removal, and destruction of Jones properties.

### 2 STORY PROPERTY LOCATED AT 3146 Virginia Ave.-Kenner, Louisiana 70065

JONES has included with the Civil Complaint Jones Ownership Percentages ( % ) Mortgages, to the property which have not been cancelled, and have been in effect since October 7, 2004  which were provided to all Parties concerned prior to any unlawful seizure, and unlawful entries, and removal, and destruction of Jones properties.

Wherefore having complied with the Requirements of Ownership Rights, and Jurisdictional Rights over the Persons before the Federal District, now comes Plaintiff Jones in this matter, and Defendant Jones in the other matters before the Honorable Federal District, filing this Civil Complaint, and Petition Expedited TRO hearing, and Injunction pursuant to FRCP Rule 60, and Local Rule 60, as well Pursuant to the All Writs Act 28 U. S. C. 1651, filing this Civil Complaint all-in accords with FRCP Rule 4, and humbly petitioning the Court for **Granting of Expedited Emergency Granting Of Forma Pauper, all in accords with FRCP 4, and 60 in the matters presented to the Federal District against Defendants**:

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

## DEFENDANTS FIRST BANK & TRUST CO. ET AL

Wherefore Plaintiff  Jones adds such Defendants as First Bank &  Trust CO. Et Al, their
Directors, their employees, their vendors, of the State Chartered Bank in both the States of
Louisiana and Mississippi, and with principle business headquarter at 909 Poydras St.-Suite
1700- New Orleans, La. 70112, and having as it's registered agent of Service Mr. Mark C.
Landry( 212 Veterans Hwy.-Metairie, La. 70005 ) , and/or Mr. J. Kenneth Le Doux ( service
address 909 Poydras St.-Suite 3200 )N. O. La. 70130, and/or Mr. James Garner, Esq.( 909
Poydras St. Suite 28th floor-N. O., La. 70112 ).

**Wherefore Plaintiff Jones adds such Defendants as First Bank &  Trust Community
Development Corporation, their Directors, and Employees, their vendors, of a business
Corporation in both the States of Louisiana and Mississippi**, and with principle business
headquarter at 909 Poydras St.- Suite 100-New Orleans, La. 70112, and having as it's registered
agent of Service Mr. Mark C. Landry( 212 Veterans Hwy.-Metairie, La. 70005 ) , and/or Mr. J.
Kenneth Le Doux ( service address 909 Poydras St.-Suite 3200 )N. O. La. 70130, and/or Mr.
James Garner, Esq. ( 909 Poydras St. Suite 28th floor-N. O., La. 70112.

**Wherefore Plaintiff  Jones adds such Defendants as First Bank Center Columbus
Properties, L. P. their Directors, Management, Employees, Vendors, of the Real Estate
Business in both the States of Louisiana and Mississippi**, and with principle business
headquarter at 909 Poydras St.- Suite 1700-New Orleans, La. 70112, and having as it's registered

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B**

agent of Service Mr. Mark C. Landry( 212 Veterans Hwy.-Metairie, La. 70005 ) , and/or Mr. J.

Kenneth Le Doux ( service address 909 Poydras St.-Suite 3200 )N. O. La. 70130, and/or Mr.

James Garner, Esq. ( 909 Poydras St. Suite 28ᵗʰ floor-N. O., La. 70112 ).

**Wherefore Plaintiff  Jones adds such additional First Defendants as Joseph Canizarro a**

**person of full majority**, and a resident of Jefferson Parish, and last known address for service is

909 Poydras St.-N. O. La. 70130, Chairman of First Bank & Trust, and the overseer of policies of

First Bank & Trust. Defendant Mr. Joseph Canizaro is Chairman of the Board of Directors, and

has a personal liability in the policies, and administration of First Bank & Trust unlawful

activities.

**Wherefore Plaintiff Jones adds such additional First Defendants as Desiree Harris a person**

**of full majority**, and a resident of St. Tammany Parish, with the last address as 817 N. Lake

Washington Ct.-Slidell, La. 70462, and Manager of Special Assets Department of First Bank &

Trust, and the comptroller/agent whom oversees the account at First Special Assets funds, to

which are the federal violators in these regards . Defendant Harris will be noticed personally,

and/or through her attorneys ,Marc Landry-212 Veterans Hwy.-Metairie, La. 70005.

**Wherefore Plaintiff  Jones adds such additional First Defendants as Stephen Dickie a**

**person of full majority,** and a resident of Orleans, and service is 909 Poydras St.-N. O. , La.

70130, and Vice President over First defendant Desiree Harris, et al. Defendant  Dickie will be

noticed personally, and/or through his attorneys ( James Garner-909 Poydras St.-Suite 28ᵗʰ Floor-

New Orleans, La. 70112) .

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B

**Wherefore Plaintiff  Jones adds such additional First Defendants as J. Kenneth Le Doux  a**

**person of full majority**, and a resident of Orleans, and service is 909 Poydras St.-N. O. , La.

70130, and Vice President of Legal Department, and financial contracts for First Bank & Trust et

Al. Defendant  J. Kenneth Le Doux will be noticed personally, and/or through his attorneys (

James Garner-909 Poydras St. –Suite 28ᵗʰ Floor-New Orleans, La. 70112).

**Wherefore Plaintiff  Jones adds such additional First Defendants as J. Michael Brown a**

**person of full majority**, and a resident of Orleans, and service is 909 Poydras St.-N. O. , La.

70130, and Former/and or present President for First Bank & Trust et Al. Defendant  J. Michael

Brown will be noticed personally, and/or through his attorneys ( James Garner-909 Poydras St. –

Suite 28ᵗʰ Floor-New Orleans, La. 70112).

**Wherefore Plaintiff  Jones adds such additional First Defendants as James E. Fitzmorris,**

**Jr. a person of full majority**, and a resident of Orleans Parish, and last known address for

service is 909 Poydras St.-Suite 1700-N. O. La. 70130, Secretary of First Bank & Trust, and the

overseer of policies of First Bank & Trust. Defendant Mr. James E. Fitzmorris, Jr. is Secretary of

the Board of Directors, and has a personal liability in the policies, and administration of First

Bank & Trust unlawful activities, and to be served through his attorney of record James Garner (

909 Poydras St. Suite 28ᵗʰ Floor-New Orleans, La. 70112 ).

**Wherefore Plaintiff Jones adds such additional Defendants as Stirling Residential, Inc. D.**

**B. A. ERA Stirling Properties, their Directors, Management, Employees, Real Estate agents**

**vendors, of the Residential Real Estate Sales Agent, and/or agency Chartered in the State**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Of Louisiana, and domiciled in St. Tammany Parish, with domiciliary address as 109 NorthPark

Blvd. Suite 300- Covington, La. 70433, and to be served through their agent of Service ( No

Listing with the Secretary of State ) , and/or all in accords with Louisiana Law at their place of

business being 109 NorthPark Blvd.-Suite 300-Covnington, La. 70433.

Wherefore Plaintiff Jones adds such additional Defendant Susan Campbell an employee,

and/or Real Estate Agent of Stirling Residential, Inc. D. B. A. ERA Stirling Properties, a

Residential Real Estate Sales Agent, and/or agency Chartered in the State Of Louisiana, and

domiciled in St. Tammany Parish, with domiciliary address as 109 NorthPark Blvd. Suite 300-

Covington, La. 70433, and to be served all in accords with Louisiana Law at her place of business

being 701 Metairie Rd.-Metairie, La. 70005.

Wherefore Plaintiff Jones adds such additional Defendants as Brian Schweda D.B.A.

QUICK RECOVERY AUTO SALVAGE, their Directors management, Employees,

vendors, of the business located in Jefferson Parish, with place of business address as 511

engineers rd.-Belle Chase, La. 70037, and to be served at this address ( Louisiana Secretary of

State has no listing of this entity as a registered business, and only has revoked Charters of One

Brian Schweda also Know as Quick Recovery Coatings Services, Inc.( hereinafter referred to as

Quick ) , and Jayhawk Services, Inc., and Gulf Coast Developers of Louisiana, LLC , KYM

Enterprises, Inc., and M & I Coating Specialist, Inc. all WITH REVOKED CHARTERS ),

therefore Plaintiff Jones all  and in accords with law will serve Mr. Brian Schweda on behalf of

Quick Recovery Auto Salvage at 511 Engineers Rd.-Belle Chase La. 70037.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**Wherefore Plaintiff Jones adds such additional Defendants as Brian Schweda ( hereinafter**
**referred to as Quick ), personally, an employee at a business located in Jefferson Parish,**
**with place of business address as 511 Engineers Rd.-Belle Chase, La. 70037,** and to be served
at this address ( Louisiana Secretary of State has no listing of this entity as a registered business,
and only has revoked Charters of One Brian Schweda also Know as Quick Recovery Coatings
Services, Inc., and Jayhawk  Services, Inc., and Gulf Coast Developers of Louisiana, LLC , KYM
Enterprises, Inc., and M & I Coating Specialist, Inc. all WITH REVOKED CHARTERS ),
therefore Plaintiff Jones all  and in accords with law will serve Mr. Brian Schweda on behalf of
Quick Recovery Auto Salvage at 511 Engineers Rd.-Belle Chase La. 70037.

**Wherefore Plaintiff Jones adds as additional Defendants Governor Bobby Jindal as Chief**
**Executive Officer for the State of Louisiana, His Staff, and Departments, vendors,**
**Louisiana Legislature, the House Of Representatives, and Senate of the 2005 through 2009**
**Sessions, their Legal associates, and Bill Writers, Honorable Louisiana Supreme Court,**
**Louisiana 4th Circuit Court Of Appeals, Louisiana 5th Circuit Court of Appeals,   (**
**hereinafter referred to as State Defendants ) , the Justices of these State Appellate Courts,**
**as the Trustees of the Laws which have, and still are depriving Plaintiff Jones of his**
**Constitutional rights by maintain a Law,** which is Un-Constitutional, and which violates
Plaintiff Jones 5th, and 14th Amendment rights, by allowing entities such as First, Stirling, and
Quick, and an unnamed Class Action set of Defendants to unlawfully, and Unconstitutionally
seized properties of Jones using this Unlawful, and Un Constitutional law, which is Louisiana

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Executory Privilege Law. The State Defendants are to be served through the State's Agent for

Service of Process, namely; Hon. La. Attorney General James D. Buddy Caldwell ( hereinafter

referred to as Agent for La. Or AG ) at 1885 Third St.-Baton Rouge, La. 70802.

**WHEREFORE Plaintiff Jones adds such additional defendants as The TIMES PICAYUNE**

**L.L.C.-D.B.A. THE TIMES PICAYUNE PUBLISHING CORPORATION, whose members**

**are Newark Morning Ledger Co. & Star-Ledger Plaza, their Directors, Management,**

**employees, and vendors, ( hereinafter referred to as The Picayune ), a Newspaper certified**

**as The official Newspaper for the Parish of Orleans, and Jefferson, and such other Parishes**

**as the Clerk of Court records will show, Incorporated in the State Of Louisiana** , and with

domiciliary address as 3800 Howard Ave-New Orleans, La. 70125-1429, and agent for Service of

Process is Corporation Service Company at 320 Somerulos St.-Baton Rouge, La. 70802-6129.

**WHEREFORE PLAINTIFF JONES adds such additional Defendants as Cox Broadcasting,**

**Inc. also known as Cox Media Group, Inc.-D.B.A. AJC ALSO KNOWN AS THE**

**ATLANTA JOURNAL CONSTITUTION , their Directors, Management, employees, and**

**vendors, ( hereinafter referred to as Atlanta Journal ) being a duly licensed Corporation ,**

**organized in the State Of Georgia,** with domiciliary address of 6205 Peachtree Dunwoody rd.

Atlanta Ga. 30328, to be served through their Agent Corporation Service Company-40

Technology Pkwy. South #300-Norcross, Ga. 30092-Gwinnett.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**WHEREFORE PLAINTIFF JONES adds such additional Defendants as The New York**

**Times Company D.B.A., The New York Times also known as NY Times their Directors,**

**Management, employees, and vendors, ( hereinafter referred to as N Y Times or NYC ), a**

**duly licensed corporation authorized to do business in the State Of New  York,** with

domiciliary address of 620 Eight Avenue-New York, New York, 10018 to be served through their

Chairman and Chief Executive Officer, namely; Janet L. Robinson, at 620 8th Ave.- New York,

New York, 10018 ( Secretary of State Has no agent listed ).

### 8 YEAR HISTORY OF EVENTS OF PROPERTY OWNER DONALD G. JONES

**ON OR ABOUT NOVEMBER OF 2002 Plaintiff Jones began a 8 year** business relationship

with his fiancée', namely Rebecca B. Duwell. This business relationship involved the Financing,

Design/Build/Property Management of Multiple properties in the Parishes of Orleans, and

Jefferson. The 8 year business relationship had an aggregate value of over $22,000,000.00 prior

to the unlawful acts of First Bank & Trust Co. and the defendants listed above.

**Plaintiff Jones has a Superior Mortgage which began on December24, 2005, to that of First**

**Bank & Trust which allegedly began on December of 2006( never consummated in accords**

**with Louisiana and Georgia Real Estate Laws ). First Bank & Trust began unlawful**

**seizure, and sale of Jones properties all in violations of  TITLE 18 U.S.C. PART I**

**CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS UNDER COLOR OF LAW) ,**

**and violations of TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 ( TITLE**

**RECORDS ).**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**Plaintiff Jones was, and still is one of 2 Owners of Properties which are located at 4631 &**

**4631 A Annette St.-New Orleans, Louisiana 70122 ( more particularly described in legal**

**descriptions attached to each Property-contained within this Civil Complaint ). The**

**Property was damaged heavily from hurricanes Katrina, and Rita, and owner Rebecca B.**

**Duwell entered an agreement in December 24, 2005 for Plaintiff Jones to provide Funding,**

**and Construction Consulting to renovate, and repair the storm ravaged home.**

Plaintiff Jones completed the renovations, and repairs and restored the unit to a Market value of

approximately $300,000.00 for t his 2 story Owner occupied, and rental unit. Owner Rebecca B.

Duwell in exchange for these services extended an Ownership interest in the property, along with

a paid in full lease through November of 2012 in one of the units.

On or about July 14, 2009 Plaintiff Jones was notified that First Bank & Trust had intended to

seized the property, and place the property up for Sheriff Sale on September 3, 2009. Plaintiff

Jones filed for Petition for Intervention, and damages as more particularly described in case

docket no. 2009-5777-Orleans Parish CDC-Div. " L 6 ".

The CDC Judge Kern Reese denied Plaintiff Jones rights to Intervene, and also to receive

Granting as a Forma Pauper. Plaintiff Jones appealed  this Un-Constitutional action to the

Louisiana 4th Circuit Court of Appeals , whom denied Jones Writs of Certiorari on the

Constitutionality of the Louisiana Executory Process law, as well as Supervisory Writs for the

denial of Due Process of Law, as afforded under the Fuentes vs. Shevin Case ( U. S. Supreme

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Court Case  NO. 70-5039 ) , and the 5ht and 14th Amendment. The La. 4th Circuit Court Of

Appeals denied Jones Writs alleging they were untimely filed, when all Priority Mails, and

Notices form the trial Judge showed that Appellant Jones had until November 17, 2009, when in

fact Plaintiff Jones filed the Writs on November 2, 2009.


Plaintiff Jones appealed these rulings to the Louisiana Supreme Court alleging the same

Constitutional violations , and as such on March 1, 2010 the Louisiana Supreme Court denied

Appellant Jones Writs of Certiorari, and Appeals of the denial of Jones Due Process rights as

guaranteed under the 5th , and 14th amendment, and further given Case Precedent under the

Fuentes vs. Shevin case of Our Untied States Constitution.


Plaintiff Jones presented all documents needed to show his Ownership rights, and his Superior

Mortgage to that of First Bank & trust, whom allegedly filed a Firs Mortgage on ,or about

January of 2007, approximately 2 year after Jones had his Mortgage in place.


First Bank & Trust was notified by Jones of the unlawful acts, and unknown to Plaintiff Jones,

First Bank & Trust Co. through it's agents Stirling Residential , Inc. D. B. A. ERA Stirling

Properties ( hereinafter referred to as Stirling ) entered Jones residence at 4631 Annette St. N. O.,

La. 70122 and unlawfully removed over 12 boxes, and 2 suit cases of documents, all RICO,  and

Anti Trust documents against these defendants in other federal lawsuits, along with furniture,

clothing, jewelry, pictures, etc. as ell as my 2006 Dodge Pickup Truck, and has disposed of them

without Plaintiff Jones permission.

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

Plaintiff Jones filed for an Emergency Stay with the Louisiana Supreme Court, and was denied a Stay on the matter.

**ADDITIONALLY Plaintiff Jones has a Mortgage Superior which was entered into on November 14, 2002, to that Of First Bank & Trust** which allegedly was entered into sometime later. Plaintiff Jones is a Co-Owner of the properties whom agreed to take a Subordination to any funding of Rebecca B. Duwell, as long as Jones Ownership interest were not infringed upon, are unlawfully disposed of, as was, and still is trying to be done by First Bank & Trust in Orleans CDC Case Docket NO. 2008-5783, namely; Writ of Seizure and Sheriff Sale, which has unlawfully taken place, in direct violation of both United States Constitutional Law ( Violations of the 5th, and 14th Amendments ) via Louisiana Executory Process Law, which violates the 14th Amendment prohibition against State Abridgement to unlawful deprive an American citizen of their rights to enjoy Property, without abridgement under violations of **TITLE 18 U.S.C. PART I CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS UNDER COLOR OF LAW) , and violations of TITLE 18 U.S.C. PART I CHAPTER 47 SECTION 1021 ( TITLE RECORDS ).**

Plaintiff Jones Co-owns the properties located at 1023, 1027, 1027 A, 1027 B, 1027 C , & 1031 Touro St.-New Orleans, La. 70116 and this property was additionally seized, and unlawfully sold at Sheriff Sale. A hearing on this matter was scheduled for March 12, 2010 before Orleans CDC Judge Michael Bagneris, but it has been continued until April 9th, or 16th ( waiting for Mrs. Serena Vaughn to concur on new date ) ..

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B**

Plaintiff Jones has combined with this Civil Complaint a NOTICE OF REMOVAL OF THAT case to be incorporated with the present Civil Complaint, and a such will hereinafter incorporate the Merits of t hat litigation by reference to Plaintiff Jones present Civil Complaint.

**The value of that property is estimated to be around $700,000.00, and was unlawfully sold without any Cash or Certified Funds being received by the Orleans Sheriff from First Bank & Trust as was advertised.  Plaintiff Jones filed for a Motion to vacate t he Sheriff Sale, and this is what was intended to be heard on March 12, 2010.**

**ON OR ABOUT JAUNARY 14, 2010 PLAINTIFF JONES** presented before 24ᵗʰ JDC Judge Cornelius Regan Constitutional issues which pertain to the unlawful Seizure, and sale of the property located at 3146 Virginia Ave-Kenner, La. 70065, and the unlawful seizure of approximately $184,000.00 in Plaintiff Jones cash from Jones escrow agent by First Bank & Trust et al ( hereinafter refereed to as First ). Plaintiff Jones also presented the Constitutional Question of whether Plaintiff Jones had the right to Intervene in matters which involve his God Given birth name of  DONALD G. JONES LAST 4 SS # 2722. 24ᵗʰ JDC Judge Regan denied Plaintiff Jones as having a Constitutional right to Intervene in matters involving Plaintiff Jones name.

Plaintiff Jones further presented for the 24ᵗʰ JDC Judge evidence which supported Jones Superior Ownership right sin the property located at 3146 Virginia Ave, which was acknowledge by First in First documents securing Jones collateral interest in the property , as listed in Promissory Note for loan of $25,000.00.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B

First Bank & Trust began unlawful seizure, and sale of Jones properties all in violations of

TITLE 18 U.S.C. PART I CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS

UNDER COLOR OF LAW) , and violations of TITLE 18 U.S.C. PART I CHAPTER 47

SECTION 1021 ( TITLE RECORDS ).


Plaintiff Jones Due Process of Law was violated, and Jones was not afforded the right to

represent his interest in those Proceedings.

**Plaintiff Jones further presented for the 24ᵗʰ JDC Judge the unlawful manner in which the**

**Sheriff of Jefferson Parish carried out the Sheriff sale, and that no Certified funds were**

**collected, or cash form First. Nevertheless, the title was taken from Jones, and Duwell and**

**given to First.**

## CIVIL COMPLAINT AGAINST FIRST-STIRLING-QUICK  DEFENDANTS

dgj/fbt/esp/qras- 1 )

ON OR ABOUT DECEMBER 21, 2009 DEFENDANTS FIRST, STIRLING & QUICK

UNLAWFULY ENTERED INTO Jones property located at 4631 & 4631 A Annette St.- New

Orleans, La. 70122.

The purposes of this entry was to unlawfully removed legal documents which contained evidence

in support of Jones RICO lawsuits, and Anti Trust lawsuits, as well as to unlawfully removed

other personal belongings of Plaintiff Jones in excess of $60,000.00 ( 2006 Dodge Ram Truck-

Furniture-Clothing-Jewelry, etc. ).

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

dgj/fbt/esp/qras- 2 )

Plaintiff Jones never gave authorization to First, Stirling, or Quick to enter the premises or to

remove any of Jones contents from the premises. The Defendants worked concertedly, and

conspicuously to conceal their presence in the premises, and it was not until Plaintiff Jones

received a Notice form Quick a month or so later, that Jones had any indication these entities had

entered the premises.

dgj/fbt/esp/qras- 3 )

First was fully aware of Jones occupancy in the premises, and First Attorneys, and Board of

Directors, and staff knew Jones had a Lease on the property, at a minimum, and never served

Jones with any eviction Notices to vacate t he premises, or his personal contents would be placed

on the streets, etc.

First Attorneys Mark Landry, and J. Kenneth Le Doux, as well as James Garner knew how to get

in touch with Jones, and in fact  Jones was in contact with them via court documents, and

hearings routinely during the last past 2 years, at a minimum once a month.

FEDERAL law under the Fuentes Doctrine has been determined to Order Jones property

returned, and damages awarded sufficient to satisfy the injuries caused to Jones by First, Stirling,

and Quick consistent with Federal law against unlawful seizure, and sale of an American citizen's

property without sufficient Notice, and a Deprivation hearing being held to prove the validity of

true ownership of the parties at Bar.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24™ JDC DOCKET NO. 660026-DIV B

First Bank & Trust began unlawful seizure, and sale of Jones properties all in violations of
TITLE 18 U.S.C. PART I CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS
UNDER COLOR OF LAW) , and violations of TITLE 18 U.S.C. PART I CHAPTER 47
SECTION 1021 ( TITLE RECORDS ).

Relief is sought under FRCP Rule 60

Relief is sought under Title 28 Part V Chapter III Section 1651

( a ) The Supreme Court and all courts established by Act of Congress may issue all writ
necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages
and principles of law.

Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the
Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-
11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )

Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones
rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case,
and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy
the damages caused by First, Stirling, and Quick.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

dgj/fbt/esp/qras- 4 )

First and Stirling on, or about February 25, 2010 unlawfully sold Jones property located at 4631

Annette St. even though Jones has a Mortgage, and Ownership interest which is recorded in

Orleans Parish Mortgage Department ( see attached Mortgage ) .

**_The damages under item dgj-fbt-4 to Jones is in the amount of $300,000.00._**

First and Stirling has unlawfully obtained title the property without the proper Title Clearances,

and paid in full receipt from Jones of Jones Ownership rights in the property which are Superior

to First, as is evidenced in the Mortgage, and Ownership interest dated December of 2005 ( see

attached Mortgage and ownership documents ).

**First Bank & Trust began unlawful seizure, and sale of Jones properties all in violations of**

**TITLE 18 U.S.C. PART I CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS**

**UNDER COLOR OF LAW) , and violations of TITLE 18 U.S.C. PART I CHAPTER 47**

**SECTION 1021 ( TITLE RECORDS ).**

**Relief Is sought under Title 28 Part V Chapter III Section 1651**

**( a ) The Supreme Court and all courts established by Act of Congress may issue all writ**

**necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages**

**and principles of law.**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the

Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-

11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )

Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones

rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case,

and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy

the damages caused by First, Stirling, and Quick.

dgj/fbt/esp/qras- 5 )

First , and Stirling never paid for the alleged Sheriff Sale all in accords with Louisiana , and/or

Federal law, as No Certified Funds, and/or Cash was paid to the Orleans Parish Sheriff for the

Alleged Successful bid of First at the Sheriff Sale of September 3, 2009.

First Bank & Trust began unlawful seizure, and sale of Jones properties all in violations of

TITLE 18 U.S.C. PART I CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS

UNDER COLOR OF LAW) , and violations of TITLE 18 U.S.C. PART I CHAPTER 47

SECTION 1021 ( TITLE RECORDS ).

dgj/fbt/esp/qras- 6 )

First, and Stirling have been notified through every means necessary and to this date have ignored

all request of Jones to cease, and desist, and to return the properties of Jones, and to restore Jones

right of entry into his Leased residence at 4631 Annette St., but to no avail.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Jones has a paid in full lease, and First nor Stirling has paid any amounts to purchase Jones out of
the Lease.

dgj/fbt/esp/qras- 7 )

The property located at 4631 Annette St. is heirs property, and is agreed to never be sold by any

members whom have ownership in the property, and as such this action is causing Irreparable

Emotional harm, as was presented in the Schiavo vs. Schiavo case, and as such Plaintiff Jones

should be granted the same Federal consideration by this Federal District in allowing Jones to be

granted a TRO, and Injunctive relief, in an Expeditious Manner, pursuant to FRCP Rule 60, and

Local Rule 60, as well as is afforded under the All Writs Acts Title 28 U. S. C. Section 1261.

dgj/fbt/esp/qras-8 )

These unlawful  actions by First , Stirling, and Quick denied Plaintiff Jones of his

Constitutionally sanctioned, and protected right sunder my 5ht, and 14th Amendment rights, as

has been upheld by Our United States Supreme Court in the Precedent case involving a

Deprivation Hearing to the Owners prior to any Property being unlawfully seized, and sold,

namely. Fuentes vs. Shevin ( U. s. Supreme Court No. 70-5039 –attached to these Pleadings)

**First Bank & Trust began unlawful seizure, and sale of Jones properties all in violations of**

**TITLE 18 U.S.C. PART I CHAPTER 13 SECTION 242 ( DEPRIVATION OF RIGHTS**

**UNDER COLOR OF LAW) , and violations of TITLE 18 U.S.C. PART I CHAPTER 47**

**SECTION 1021 ( TITLE RECORDS ).**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**Jones Relief is sought Under FRCP 60 Emergency TRO and Injunctive relief as well as**

**under 28 USC section 1651 of the All Writs Act, for violations of Jones 5th and 14th**

**Amendment rights, as is stated in Our United States Supreme Court Case as is**

**incorporated, and enumerated below:**

**Relief is sought under Title 28 Part V Chapter III Section 1651**

**( a ) The Supreme Court and all courts established by Act of Congress may issue all writ**

**necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages**

**and principles of law.**

**Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the**

**Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-**

**11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )**

**Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones**

**rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case,**

**and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy**

**the damages caused by First, Stirling, and Quick.**

JONES RESPECTFULLY SUBMIT FOR OUR MOST HON. UNITED STATES EASTERN

DISTRICT COURT OF LOUISIANA TO CONSIDER THE WISDOM OF OUR UNITED

STATES JUSTICES IN THE CASE OF FUENTES VS. SHEVIN ( 70-5039-SECTION IV-

PAGE 4 OF 15 ) IN CONSIDERING WHETHER TO GRANT JONES CONSTITUTIONAL

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

RIGHTS TO AN EXPEDITED EMERGENCY HEARING ON A TRO AND PERMANENT

INJUCTIVE RELIEF AS WELL AS AN ORDER OF MANDAMUS TO RELEASE JONES

PROPERTIES, WHICH ARE UNLAWFULLY BEING HELD BY FIRST-STIRLING-QUICK

IV

**FOR MORE THAN A CENTURY,** <u>the central meaning of procedural Due Process has been clear:"</u> **parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy the right they must first BE NOTIFIED.** <u>" BALDWIN V. HALE, 1 WALL,223, 233, SEE WINDSOR V. McVEIGH, 93 U. S. 274; HOVEY V. ELLIOTT, 167 U. S. 409; GRANNIS V. ORDEAN, 234 U. S. 385.</u> **It is equally fundamental that the right to NOTICE AND AN OPPORTUNITY TO BE HEARD " _"must be granted" at a meaningful time and n a meaningful manner. " Armstrong v. Manzo, 380 U. S. 545, 552._**

**The primary question in the present cases** ( Fuentes v. Shevin- as well as Donald G. Jones vs. First Bank & Trust-2010-C-0254 & 2010-C-0254-emphasis added )  is whether these statutes ( which includes Louisiana's Executory Process emphasis added ) **<u>are constitutionally defective in failing to provide for hearings " at a meaningful time. "</u>** The Florida **<u>replevin process guarantees an opportunity for a hearing after the seizure of goods,</u>** and the Pennsylvania process allows a post-seizure hearing if the aggrieved party shoulders the burden of initiating one. But neither the Florida nor the Pennsylvania statute provides for **<u>Notice or an Opportunity to be heard before the seizure.</u>** The issue is whether **<u>procedural due process in the context of these cases requires an opportunity for a hearing before the State authorizes its agents to seize property in the possession of a person upon the application of another.</u>**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

The Constitutional right to be heard is a basic aspect of the duty of government to follow a fair

process of decision making when it acts to deprive a person of his/her ( Donald G. Jones and/or

Rebecca B. Duwell )  possessions. The Purpose of this requirement is not [ p 81] only to ensure

abstract fair play to the individual. Its purpose, more particularly, is to protect his use, and

possession of property from arbitrary encroachment—to minimize substantively unfair or

mistaken deprivations of property, a danger that is especially great when the State seizes goods

simply upon the application of and for the benefit of a private party. So viewed, the prohibition

against the deprivation of property without Due Process of Law reflects the high value, embedded

in Our Constitutional and Political History, that we place a person's right to enjoy what is his/her

( Donald G. Jones and Rebecca B. Duwell ), free of governmental interference. See Lynch v.

Household Finance Corp, 405 U. S. 538, 552.

The requirement of Notice and An Opportunity to be heard raises no impenetrable barrier

to the taking of a Person's ( Donald G. Jones and Rebecca B. Duwell ) possessions. But

the Fair Process of Decision Making that it guarantees works, by itself, to protect against

arbitrary deprivation of property.

**For when a person has an Opportunity to Speak Up in his/her ( Donald G. Jones and**

**Rebecca B. Duwell ) own defense, and when the State must listen to what he/she has to say,**

**substantively unfair, and simply mistaken deprivations of property interests can be**

**prevented.**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**It has long been recognized that:**

Fairness can rarely be obtained by secret, one-sided determination of facts decisive

of rights…. [And n ] o better instrument has been devised for arriving at truth than to give

a person ( Donald G. Jones and Rebecca B. Duwell ) in jeopardy of serious loss Notice of the

case against him/her an opportunity to meet it.

Joint Ant-fascist refugee Committee v. McGrath, 341, U. S. 123, 170, 172 ( Frankfurter, J.,

concurring ).

If the right to **Notice and a Hearing is to serve its full purpose, then, it is clear that it must be**

**granted at a time when the deprivation can Still be Prevented. At a later hearing, an**

**Individual's   ( Donald G. Jones and Rebecca B. Duwell )** possessions can be returned to

him/her if they were unfairly or mistakenly taken in the first place. Damages may even be [ p82 ]

awarded to him/her for the wrongful deprivation. But no later hearing and no damage award can

undo the fact that the arbitrary taking that was subject to the right of **Procedural Due Process**

**has already occurred. This ( Our United States Supreme Court ) has not … embraced the**

**general proposition that wrong may be done if it can de undone. " Stanley v. Illinois, 405 U.**

**S. 645, 647.**

**This is no new principle of Constitutional Law.** The right to a prior hearing has long

been recognized by this Court ( Our United States Supreme Court )  under the Fourteenth

( 14th ) and Fifth ( 5th ) fifth Amendments. Although the court held that due process

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

tolerates variances in the form of a hearing " ***appropriate to the nature of the case***, "

Mullane v. Central Hanover Tr. Co. 339 U. S. 306, 313, and " depending upon the

importance of the interests involved and the nature of the subsequent proceedings [ if

any]. Boddie v. Connecticut, 401 U. S. 371, 378, the Court has traditionally insisted that,

whatever its form, opportunity for that hearing must be provided before the deprivation at

issue takes its form, opportunity for that hearing must be provided before the deprivation

at issue takes effect. E. g. Bell v. Burson, 402 U. S. 535, 542; Wisconsin v.

Constantineau, 400 U. S. 433, 437; Goldberg v. Kelly, 397 U. S. 254; Armstrong v.

Manzo, 380 U. S. at 551; Mullane v. Central Hanover Tr. Co. supra, at 313; Opp Cotton

Mills v. Administrator, 312 U. S. 126, 152153; United States v. Illinois Central r. co. ,

291 U. S. 457, 463; Londoner v. City & County of Denver, 210 U. S. 373, 385-386. See

In re Ruffalo, 390 U. S. 544, 550-551.


    That the hearing required by due process is subject to waiver, and is not fixed in form

does not affect its root requirement that an individual be given an opportunity for a hearing before

he/she is deprived of any significant property interest, except for extraordinary  situations where

some valid governmental interest is at stake that justifies postponing the hearing until after the

event.

Boddie v. Connecticut, supra at 379-379 ( emphasis in original ) [ p83 ].

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

## FINALLY OUR MOST HON. U. S. EASTERN DISTRICT JUDGE, JONES PRAYS THAT SECTION " VII " BE GIVEN THE SACRED WISDOM WHICH OUR MOST HONORABLE U. S. DISTRICT JUDGE HAS SWORN TO UPHOLD

**FINALLY, WE ( Our United States Supreme Court as well as Our Most Honorable Louisiana Supreme Court )** must consider the contention that the appellants who signed conditional sales contracts thereby **waived their ( Donald G. Jones and Rebecca B. Duwell ) basic Procedural Due Process rights.** The contract signed by Mrs. Fuentes provided that, " IN the event of default of any payment or payments, Seller ( Lender-First Bank & Trust in this Legal analysis ) at its option may take back the merchandise ( repossess the Alleged Collateral ) … " The Contracts signed by the Pennsylvania appellants similarly provided that the Seller ( Lender in this Case ) may retake " ( Seize and Sell at Sheriff Sale in this Case ) the merchandise in the event of a " default in any payment ". These terms were parts of printed form contracts, appearing in relatively small type and unaccompanied by any explanations clarifying their meaning.

**In D. H. Overmyer Co. v. Frick Co., 405 U. S. 174,** the Court recently outlined the considerations relevant to determination of a contractual waiver of Due Process rights. Applying the standards governing waive of Constitutional Rights in a criminal proceeding [ n31 ]-although not holding that such standards must necessarily apply--- the Court held that, on the particular facts of the case, the contractual waiver of Due Process [ p95 ] rights was Voluntarily, intelligently, and knowingly " made. Id at 187. The contract in Overmyer was negotiated between two corporations; the waiver provision was specifically bargained for, and drafted by their lawyers in the process of these negotiations.     **Page-30-civil complaint/dgj/fbt/era/quick/tro/injunc/damages over $22,320,000.00USEDL/03/09/2010**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

As the Court noted, it was " Note " a case of **UNEQUAL BARGAINING POWER OF**

**OVERERACHING**.  The Overmyer-Frick agreement, from the start, was not a contract of

adhesion, " Id. At 186. Both parties were aware of the significance of the waiver provision. Ibid.

The facts of the present case ( including Donald G. Jones and Rebecca B. Duwell-LSC NO. 2010-

c-0254 & 2010-C-0257 ) are a far cry from those Overmyer. There was no bargaining over

contractual terms between the parties who, in the event, were far from equal in bargaining power

The purported waiver provision was a printed part of a Form Sales ( In this Case Alleged

Mortgage Agreement )  contract and a necessary condition of the sale ( alleged Loan ). Te

appellees made no showing whatever that the appellants were actually aware or made aware of

the Significance of he fine print now relied upon as a waiver of Constitutional Rights.

**THE COURT IN OVERMYER OBSERVED THAT,**

**WHEN THE CONTRACT IS ONE OF ADHESION, WHERE THERE IS GREAT**

**disparity in bargaining power, and where the debtor receives nothing for the[ waiver ]**

**provision, other legal consequences may ensue.**

**SECTION VIII**

[ D ] UE PROCESS IS AFFORDED ONLY BY THE KIND OF " Notice " and " Hearing " that

are aimed at establishing the validity, or at least the probable validity, of the underlining claim

against the alleged debtor ( Donald G. Jones and Rebecca B. Duwell ) before he/she can be

deprived of his/her property…

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B

Sniadach v. d Family finance Corp. supra, at 343 ( Harlan, J. , concurring ) See Bell v. Burson,

supra, at 540; Goldberg v. Kelly, supra, at 267

For the foregoing reasons, the judgments of he District Courts are vacated, and these cases are

remanded for further proceedings consistent with this opinion.

dgj/fbt/esp/qras-9 )

FIRST AND STIRLING has damaged Jones ability to recover the ownership privileges as

afforded in Jones rights to enjoy property without unlawful intrusion, and as such has violated

Jones 5ᵗʰ, and 14ᵗʰ amendment rights, as well as Jones rights to Own Property.

**Relief Is sought under Title 28 Part V Chapter III Section 1651**

( a ) The Supreme Court and all courts established by Act of Congress may issue all writ

necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law.

**Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the
Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-
11628and 05-11556-u. s. 11ᵗʰ circuit court of Appeals March 23, 2005 and March 30, 2005 )**

Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones rights to

have this case Expedited before a Jury of Jones peers to hear the facts of the case, and to

immediately Grant unto Jones the right of Award in an amount sufficient to satisfy the damages

caused by First, Stirling, and Quick.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Relief is sought Under the Fuentes Doctrine, and the Order of the United States Supreme Court

remanding the case back to the District Court to grant the relief sought by the Petitioner, namely;

Fuentes, and in this case at Bar, Donald G. Jones.

Jones submits for evidence of Ownership, Exhibits which are recorded in Orleans Parish

Recorder of Mortgages, and Conveyances, as well as Notarial Archives.

These documents  prove the Superiority of Donald G. Jones ownership right over those of First

Bank & Trust, or ERA Stirling, and Quick as their agents.

dgj/fbt/esp/qras-10 )

**First, Stirling, and Quick have unlawfully caused Jones damages in the approximate**

**amount of $22,000,000.00 from their unlawful activities in destroying Jones Intellectual**

**Properties,** and in destroying Jones Personal Clothes, ( custom made suits ), Jones religious

Works, ( priceless collections of Works no longer in Print today ), and in Furniture.

***Relief is sought under Jones ConstitutionalRrights, and Bill Of rights to bring a Damage Suit***

***against any individual, entity, agency of government when the amount is in excess of $20.00.***

Relief is sought under Title 28 Part V Chapter III Section 1651

( a ) The Supreme Court and all courts established by Act of Congress may issue all writ

necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law.    Page-33-civil complaint/dgj/fbt/era/quick/tro/injunc/damages over $22,320,000.00USEDL/03/09/2010

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the
Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-
11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )

Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones
rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case,
and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy
the damages caused by First, Stirling, and Quick.

**Jones seeks an amount of $4,000,000.00 for the unlawful selling of Jones property located at
4631 & 4631 A Annette St.-New Orleans, la. 70122. This property is heir property, and is
also to be placed on the National Historical Sites records as the Home of Litigant Donald G.
Jones, and as such has an intangible value, and must be respected as such.**

Additionally, this home and the Process of Construction of a Home in the Aftermath of
Hurricanes Katrina, and Rita, and how to Double the size of a Home, and Double the value of the
Home is Intellectual property of Jones, and is now removed from Jones ability to Market this Idea
in the Open Capitalistic Market of America, and more importantly in the Gulf Regions which are
hurricane prone areas, and as such will always be subject to destruction of property from flood
waters, and wind damage associated with hurricanes.

**This Intellectual Property loss of Jones, is projected to be around $22,000,000.00.
Relief is sought under FRCP Rule 4, Civil Complaint .**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

## 20 DAY STANDING ORDER FOR RICO VIOLATIONS 28 TITLE U.S.C. SECTION 1962

## ( a ) ( b ) ( c ), AND Retaliation against a RICO victim By FRIST, STIRLING AND QUICK

### dgj/fbt/esp/qras-11 )

Jones alleges that these actions of First, Stirling, and Quick were done in a conspiratorial manner,

and consistent with the behavior of RICO perpetrators consistent with RICO-18 USC PART I C.

73 S. 1519-USC TITLE 18 PART 1 C. 96 S. 1962 ( a thru d )1964 ( a thru d ), and as such Jones

hereby incorporates their usages of the Internet, Phones, faxes, U. S. Mail in furtherance of these

RICO acts as sufficient enough justification to allow Jones to file within 20 days of the Service of

the Civil Complaint, a complete and concise RICO statement against defendants First, Stirling,

and Quick.

**Relief is sought under FRCP 4, and RICO-18 USC PART I C. 73 S. 1519-USC TITLE 18**

**PART 1 C. 96 S. 1962 ( a thru d )1964 ( a thru d )**

**Relief is sought under Title 28 Part V Chapter III Section 1651**

**Requesting An Order to have Defendants first, Stirilng, and Quick to cease and desist form**

**any further interference with Jones, and Jones possessions as they relate to Jones income in**

**his business interest, including rental income, real estate income, and Intellectual property**

**income through their mis-use of the Internet, Phones, and Mail, and such other federally**

**regulated apparatus used in connection with their RICO activities.**

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

**( a ) The Supreme Court and all courts established by Act of Congress may issue all writ necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.**

**Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )**

**Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case, and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy the damages caused by First, Stirling, and Quick.**

FRIST STIRLING AND QUICK FEDERAL WHISTLEBLOWERS COMPLAINT OF JONES AND THESE ACTIONS ARE MONOPOLES AND ARE CONSISTENT WITH THE ROOT CAUSE OF OUR UNITED STATES FINANCIAL AND ECONOMICAL CRISIS WHICH CAUSED CONGRESS TO ENACT THE RECOVERY ACT OF 2009-TARP ACT OF 2008

dgj/fbt/esp/qras-12 )

FIRST, STIRLING, AND QUICK are part of a larger problem which engulfs America, the U. S> Treasury, the Federal Reserve Board, the Department of HUD, and the American Dollar as a w hole in their MIs-Use of the Legal ,and Un- Constitutional tenet of Louisiana Executory Process law.   Page-36-civil complaint/dgj/fbt/era/quick/tro/injunc/damages over $22,320,000.00USEDL/03/09/2010

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION- NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

This un-Constitutional law has been misused by individuals whom look legitimate for all intents of Public deception, but in the Core of their motives lie the vulturous acts of Unlawful Seizure in violations of Due Process of Law, as guaranteed by our 5th, and 14th Amendment.

The perpetrators of these acts worked, and still are working to cause Irreversible, and irreparable harm to our National Economy, and Our National Economic way of living.

The Defendants have acted in a way which has caused Billions of Dollars in Poverty in Louisiana, and Mississippi to be unlawfully seized, and sold, and the bill for these unlawful actions to be born by the American people .

Such evidence is already established in Congress enacting the TARP Act of 2008, the recovery Act of 2009, and such other Congressional remedial actions to stabilize Our U. S. Dollar, and the remnants of it's True value, when taken into context with World economic Dollar ratio values..

These actions of fraudulently gaining an unlawful ownership of another American citizen's property is not limited to Donald G. Jones, or Rebecca B. Duwell, but in fact is  also the root element which is essential to bringing this Civil Complaint , and this aspect of the Civil Complaint under the federal Whistleblowers Statute to eliminate any furtherance  unwarranted expense to Our U. S. Treasury, and U. S. Federal Reserve as well as the other Departments of Federal government which bear the cost of the TARP Act of 2008, and The Recovery Act of 2009.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Wherefore Jones without further deliberation on the subject matter hereby make demand upon

Defendants First, Stirling, and Quick , as well as the other banks, **and Mortgages in a Class**

**action Sit to be supported by the Legal arms of the Federal and State Government to join**

**Jones in A Friend of the Litigations, and to use every means to retrieve form these entities a**

**return of the unlawful funds, and gains associated with these Un-Constitutional actions.**

Relief is Sought under the Federal Whistleblowers Statute (False Claims Act of 1863 Revised

1986 ) .

First, and it's agents over the past 5 years have submitted to the Federal Reserve, the U. S.

Treasury, and such other Federal agencies reports, request for funding, request for loans, request

for Designation as A Preferred Lender, and Community Reinvestment Entity, as well as a

Community  Development agency in t he form of First Community Development Arm, namely

FIRST BANK & TRUST COMMUNITY, AND FIRST BANK CENTER COLUMBUS

 DEVELOPMENT CORPORARTION PROPERTIES, L. P., etc.

First, Stirling, ( and Defendants to be added in the future amended compliant for Class Action

Status ) have received in excess of over $40,000,000,000.00 in Federal Loans, Community

Development Funding , and New Markets Tax Credits funding , and has mis-used these funds in

 furtherance of their RICO, and Monopoles activities, all to which have assisted the causes of Our

Present National Financial & Economic Security Crisis, which has forced Congress to pass the

TARP Act of 2008, and the Recovery Act of 2009.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Plaintiff Jones is entitled to receive the appropriate Reward under this Qua Tam Provision of the

False Claim Act, proportioned to the return of funds which First, and Stirling shall, and must

return back into the hands of the Federal, and State Governments to which they made the False

Claims in violations of t he False Claims Act of 1863, and 1986.

**The Federal Agencies which these False Claims were made  to are the following, but not limited to:**


U. S. TREASURY, U. S. FEDERAL RESERVE, U. S. DEPARTMENT OF HUD, U. S.

DEPARTMENT OF COMMERCE, U. S. DEPARTMENT OF AGRICULTURE,

U. S DEPARTMENT OF TRESURY's COMMUNITY DEVELOPMENT FINANCIAL

INSTITUTE, UNDER THE NEW MARKETS TAX CREDITS ACT, AND UNDER THE

 KETRA ACT OF 2005, ETC.

RELIEF IS FURTHER SOUGHT UNDER  THE PROVISIONS OF THE ALL WRITS ACT

FOR A WRIT OF MANDAMUS TO ISSUE TO THE SECRETARY OF THESE AGENCIES

TO JOIN IN A FRIENDS OF THE QUA TAM PROVISIONS OF THE FALSE CLAIMS ACT,

ALL IN  ACCORDS WITH THE RECOVERY ACT OF 2009, AND THE TARP ACT OF 2008,

and such other federal authorities which are mandated by federal law, as authorized by Article I

Section 9 Clause 7 of Our United States Constitution.

**Prevailing Case in the Matter of Jones rights to Bring an Individual Civil Compliant Under the False Claims Act, is Governed by U. S. Supreme Court Case Vermont Agency of Natural Resources vs. United States " The High Court determined in this case that Citizens**

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**have standing to file a " Qua Tam Action under the False Claims Act of 1863 amended in**

**1986 " , which Jones Civil Complaint envelopes.**

**Relief is sought under Qua Tam Provisions of the False Claim Act**

**Relief is sought under Title 28 Part V Chapter III Section 1651**

**( a ) The Supreme Court and all courts established by Act of Congress may issue all writ**

**necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages**

**and principles of law.**

**Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the**

**Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-**

**11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )**

**Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones**

**rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case,**

**and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy**

**the damages caused by First, Stirling, and Quick.**

**dgj/fbt/esp/qras-13 )**

**FIRST, AND FIRST AFFILIATES , such as** FIRST BANK & TRUST COMMUNITY

FIRST BANK CENTER COLUMBUS  DEVELOPMENT CORPORARTION PROPERTIES,

L.P., and certain other banks, Community Development Entities, Community Development

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Financial Institutions, whom are located at 909 Poydras St.-New Orleans, La. 70112, have made

false claims to receive New Markets Tax Credits, Recovery Act of 2009, TARP Act of 2008,

KETRA 2005 and it's amendments in2006 through 2009 funds, and have received in excess of

over $42,000,000,000.00 in Federal funds through the various controlling Federal agencies for the

following unlawful usages:

1) To falsify Loan documents, and distribution of the Federal Funds in order to finance their

   administrative Costs, their unlawful acquisitions of properties from Katrina, and Rita

   victims, to facilitate the establishments of Majority firms, whom also collaborate under

   the Federal violations as associated under RICO-18 USC PART I C. 73 S. 1519-USC

   TITLE 18 PART 1 C. 96 S. 1962 ( a thru d )1964 ( a thru d ) , to deprive Lower income

   firms, and minority firms of the financial ability to compete in the open markets as

   guarantee d by the Commerce Clause of Article 1, and Article 2 of Our united States

   Constitution.

2) Engage in the unlawful redistricting of voters, in violations of federal redistricting laws,

   by engaging in Acts to prevent Katrina, and Rita victims from returning back to their Pre-

   Katrina, and Rita neighborhoods, and businesses.

3) By engaging in unlawful acts of Discriminating in allowing loans, loans refinancing, and

   property ownerships to remain in the owners hands, in order for the owners to engage in

   Voter's rights District of their choice, all in defiance, and under the Cloak of deception,

   as Premier Lenders, Grant Awardees of New Market Tax Credits, U S HUD grants, and

   such other federal subsidies, all in violations of VIOLATIONS OF TITLE VI S. 601-

   602-603 OF CIVIL RIGHTS ACT.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**Relief Is sought under Title 28 Part V Chapter III Section 1651**

**( a ) The Supreme Court and all courts established by Act of Congress may issue all writ necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.**

**dgj/fbt/esp/qras-14 )**

First, First Bank & Trust Community Development Corporation, first Bank Center Columbus Properties, as a recipient of Federal funds as referenced above, and hereby incorporated in this allegation, used federal Funds to do the following in furtherance of VIOLATIONS OF TITLE VI S. 601-602-603 OF CIVIL RIGHTS ACT- RICO-18 USC PART I C. 73 S. 1519-USC TITLE 18 PART 1 C. 96 S. 1962 ( a thru d )1964 ( a thru d ) orchestrated a Devious means of depriving Jones, and other members, and victims in the aftermaths of hurricanes Katrina, under psychological duress to enter into transactions in violations of Honest Services fraud Amendment of 18 U. S. C. section 1346 ( the federal mail fraud and wire fraud statute ) , added by the United states Congress in 1988,which states : " for the purposes of  this chapter, the term, scheme or artifice to defraud includes a scheme or artifice to deprive another of **the Intangible Right of Honest Services.**

1)   First renegotiated existing Mortgages, and/or began Mortgages anew in order to entice the victims of hurricanes Katrina to commit their road Home Grant Monies to improve the properties with the short rated grants, only not to be able to complete the task, as these individual's income would be suddenly disturbed, or eliminated entirely.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

2) First would include in the language of the Mortgages Louisiana Executory Process , and would accelerate the new Mortgages, and would foreclose on the properties, without any just cause.

3) First would then rush into the Court houses and achieve a writ Of Seizure, and Sheriff sale knowing full well the victims were with out any financial means to hire an attorney to prevent First from unlawfully, and Un-Constitutionally Seizing, and selling the property at a Scam, Window Dressing Sheriff Sale in both Orleans, and Jefferson Parish.

4) First would then be the successful bidder, and would not pay the required cash for the property to the Sheriffs of Orleans, and Jefferson Parish, but in fact would claim to have given a credit on the alleged defaulted loans.

5) First would then take the properties and sell them within their RICO circle, and would make a profit in some cases as mush as $30,000.00 on each $100,000.00 of property value.

6) The benefits of these violations of the Honest Services fraud clause of 18 U. S. C. Section 1346 are Politically, racially, Socially, and Economically beneficial to first, and other Majority interest whom live under the banner of White Supremacy, while calling it the Law.

7) First would benefit the political spectrum of their Political party ( which has been determined to be predominantly republican ) by turning Orleans Parish, and Jefferson Parish into an entirely White racially dominated  Voting Hub with strong allegiances to the Republican party.

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

8) First would then be able to control the Financial Empowerment of other minorities through a sys tem of trition where they would encourage these other minorities to relocate in these unlawfully seized homes in Pre-Katrina and Rita African American neighborhoods.

9) First would then be able to determine Congressional seats which would continue to vote for allocations of Federal Funds to finance their RICO, and Discriminatory 100 year Master Plan, all within the confines, and the Umbrella of Protection of Federal dollars, in the Trillions over the life of 20 years.

10) The records of the recorder of Mortgages, the Sheriff departments, the Court House of Orleans Parish confirms these unlawful RICO, and Discriminatory, and Unlawful redistricting of the voters lines through violations of Title VI sections 601-602-603of the Civil Rights Act .

**RELIEF IS SOUGHT UNDER VIOLATIONS OF TITLE VI S. 601-602-603 OF CIVIL RIGHTS ACT-**

**RELIEF IS SOUGHT UNDER RICO-18 USC PART I C. 73 S. 1519-USC TITLE 18 PART 1 C. 96 S. 1962 ( a thru d )1964 ( a thru d )-**

<u>Relief is sought under</u> Relief Is sought under Title 18 U. S. C. SECTIONS 1346-HONEST Services Fraud

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

( a ) The Supreme Court and all courts established by Act of Congress may issue all writ

necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages

and principles of law.

Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the

Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-

11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )

Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657, Jones

rights to have this case Expedited before a Jury of Jones peers to hear the facts of the case,

and to immediately Grant unto Jones the right of Award in an amount sufficient to satisfy the

damages caused by First, Stirling, and Quick.

Relief is further sought under the All Writs Act to grant an immediate Writ Of Mandamus

compelling the U. S. Attorney Jim Letten, and the Inspector Generals, and Legal Offices of

these Federal Agencies to engage in an Immediate Investigation, and prosecution of these

violations, as is mandated under the Federal Statutes which have been violated.

Such relief as the return of the Properties Unlawfully seized and sold by First, and such

other Defendants as the evidence will show in the future.

Legal Precedent established in the case titles Schiavo vs. Schiavo U. S. District Court for the

Middle District Of Florida ( case No.CV-05-00530-T ) and ( Appellate Docket Nos. 05-

11628and 05-11556-u. s. 11th circuit court of Appeals March 23, 2005 and March 30, 2005 )

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**Relief is further sought under FRCP 4, and 28 U.S.C. PART V SECTION 1657,** Jones rights

to have this case Expedited before a Jury of Jones peers to hear the facts of the case, and to

immediately Grant unto Jones the right of Award in an amount sufficient to satisfy the damages

caused by First, Stirling, and Quick.

Relief is sought forth under Remedies for **VIOLATIONS OF TITLE VI S. 601-602-603 OF**

**CIVIL RIGHTS ACT-**through the Secretary of the U. S. Department of HUD, U. S. Treasury,

it's sub-agency, namely ; the CDFI which is the controlling entity for the New Markets Tax

Credits, and all other CDFI, and CDE funding, and grants to investigate the complaints, and to

retrieve from First, et al all unlawful funds which were derived from the violations of **TITLE VI**

**S. 601-602-603 OF CIVIL RIGHTS ACT-against Jones in this Civil Compliant.**

**JONES CIVIL COMPLAINT TO REVIEW THE DENIAL OF JONES DUE PROCESS**

**RIGHTS BY THE LOUISIANA SUPREME COURT( APPEAL-WRITS NO. 2010-C-0254**

**& 2010-C-0257 ) -LOUISIANA 4TH CIRCIT COUR T OF APPEALS ( 2009-C-1545 &**

**2009-C-1355 )-AND THE LOWER STATE COURTS OF ORLEANS AND JEFFERSON**

**PARISH IN CASE DOCKETS NO. 2009-5777-2008-5783-AND 24TH JDC NO. 660026**

**JONES HAS PRESENTED before each of the above referenced State Courts Jones**

**assertion of Jones United States Constitutional rights are being violated by the Louisiana**

**Legislatures enactment of the law styled Louisiana Executory Process law,** as well as Jones

Constitutional rights to intervene in matters involving Jones name, and/or Jones properties.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Under each of the above Number cases Jones has been denied the rights to Due Process of Law

under the 5th, and 14th amendment. Jones has additionally challenged the right to the State of

Louisiana violating the Constitutional Prohibition against State Abridgement as contained in Our

United states 14th amendment to Our United States Constitution.

In each Legal document filed before the highest, and lowest State Court Jones has been denied his

Constitutionally protected rights.

dgj/fbt/esp/qras/lsc/l4ca/ocdc/24thjdc-1 )

Jones is entitled to a federal review of these matters as a matter of Constitutional rights within the

United States Eastern District court for Louisiana, and/or the U. S. 5th Circuit Court of Appeals,

prior to bringing it before the United States Supreme Court..

Wherefore Jones hereby incorporates the following issues which were petitioned, and appealed

before the above State  Courts, and was denied his Constitutional rights by each State Court.

Jones is not prohibited in bringing this Civil Complaint regarding the Constitutionality of the

Lower State Court Judgments, because Jones presented these Constitutional issues in a timely

manner before each Lower State Court.

Wherefore Jones is not prohibited by Rooker-Feldman in asking for this United States district

Occur to issue an Order declaring Louisiana Executory Process law as Un-Constitutionality.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B

*It is the function of the U. S. District Judge Nina Gershon on March 10, 2010 to determine the*
*Constitutionality of any law, as is indicated in the of ACORN vs. United States Of America*
*where in this case the Brooklyn Federal Judge Nina Gershon declared on Wednesday March*
*10, 2010, that the withholding of Federal funds to ACORN is Un-Constitutional.*

## APPEAL OF JONES AS PRESENTED TO THE LOIUISANA SUPREME COURT
## AND ALL SUBSEQUENT MOTIONS INCLUDING REQUEST FOR STAY

dgj/fbt/esp/qras/lsc/l4ca/ocdc/24thjdc-2 )

**La. Supreme Court Denied the following Constitutional relief of Jones on March 1, 2010.**

## LOUISIANA SUPREME COURT

FIRST BANK & TRUST, ET AL          **LSC DOCKET NO: 2010-C-0257 & 2010-C-0254**

        VS.

REBECCA B. DUWELL & DONALD G. JONES          **WRIT NO:  LA 4CA-2009-C-1545 & 1355**

DONALD G. JONES/CO-DEFENDANT/APPELLANT

LSC RULE X SECTION ( 2 ) ( e ) EMERGENCY MOTION TO ISSUE ORDER OF STAY
AND THE RELEASING OF APPELLANT JONES REAL ESTTE AND PERSONAL
PROPERTIES UNLAWFULLY SEIZED FROM APPELLANT JONES HOME AND MOTOR
VEHICLE PENDING APPELLANT JONES WRITS OF CERTIORARI & MANDAMUS LSC
NOS. 2010-C-0254 & 2010-C-0257 PRESENTLY BEFORE OUR LA. SUPREME COURT

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-**
**NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.**
**JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

PURSUANT TO THE CONSTITUTIONALITY OF LOUISIANA'S EXECUTORY PROCESS
LAW-VIOLATES STATE SOVEREINTY RIGHTS-STATE'S SOLVENCY RIGHTS-U. S.
CONSTITUTIONAL SOVEREIGNTY RIGHTS-U. S. CONSTITUTIONAL SOLVENCY
RIGHTS-INDIVIDUAL DUE PROCESS OF LAW RIGHTS-INDIVIDUAL GOOD FAITH &
CREDIT DOCTRINE OF BOTH THE U. S. CONSTITUTION AND LA. CONSTITUTION

NOW COMES INTO OUR HONORABLE LOUISIANA SUPREME COURT ,
DONALD G. JONES in " Pro Se form ", a person of full majority, an American Citizen
XXX-XX-2722, born in the City Of Orleans, State of Louisiana from parents whom were
Citizens of the United States of America, as well as citizens of the State Of Louisiana, an
American Citizen whom is a Co-Guarantor to the Federal Debt, and obligations of funds
appropriated by Congress under Article I, Section 9, Clause 7 ( until death ) and
American citizen entitled to the benefits of the Good Faith, and Credit Doctrine of our
United States Constitution, The State Of Louisiana, and the federal funds, and programs
enacted by the Honorable United States Congress for the sole benefit of Plaintiff, as well
as all other American Citizens all in accords with Article I, Section 9, Clause7,  as well as
the Legislature of the Great State Of Louisiana, a concerned American Patriot whom is
sworn to assist our Judicial Systems in protecting our Country against enemies foreign,
and domestic, seen, or unseen, today and forever more, a prior resident of Orleans Parish,
State Of Louisiana, a hurricane Katrina and Rita victim ,now residing in Fayette County,
Georgia, a plaintiff, defendant in 4 Civil lawsuits ( Orleans Parish CDC Case Dockets
Nos. 2008-5783 & 2009-5777- Jefferson 24th JDC Case Dockets Nos. 660026 & 649659)

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

in the State Of Louisiana's Civil District Court, all involving Louisiana's Executory

Process Law, as well as the La. 4th Circuit Court of Appeals, United States District Courts

( Case Dockets No. 08-1470 USEDL-U. S. 5th CA No. 08-31244-1-09-cv-2273 USNDG-

US 11th CA-09-14742-B- 1-08-cv-2826 USNDG- US 11th CA No. 09-644C and 09-

15095-C ) , and the United States Supreme Court ( Docket NO. not assigned as Yet ).

**NOW COMES** APPELLANT Donald G. Jones ( *hereinafter referred to as Jones* ) *appearing in* "

Pro Se Form " a person of full majority, and a party in the above referenced lawsuit, requesting

Leave of Our Most Honorable Louisiana Supreme Court to GRANT UNTO APPELLANT

JONES AN EMERGENCY ORDER OF STAY AND AN ORDER INSTRUCTING FIRST

BANK & TRUST-ERA STIRLING REALTOR ( AND/OR THEIR PURCHASER OF

APPELLANT JONES PROPERTY LOCATED AT 4631 & 4631A ANNETTE ST.-NEW

ORLEANS, LA. 70122 ) , AND QUICK RECOVERY AUTO SALVAGE, ETC. to release unto

Appellant Jones the Properties which were unlawfully seized from Appellant Jones home (

FURNITURE-CLOTHING-PICTURES-CONTRACTORS EQUIPMENT-12 BOXES AND 2

LARGE SUIT CASES WITH LEGAL DOCUMENTS-ETC. ) , and 2006 Dodge Ram Pickup

Truck.

## MERITS OF ORDER TO STAY AND ORDER TO ISSUE RELEASE OF APPELLANT

## JONES PROPERTIES AND/OR STAY ON ANY MORTGAGES/SALES OF

## APPELLANT JONES PROPERTY LOCATED AT

## 4631 & 4631 " A "- ANNETTE ST. –N.O., LA. 70122

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**MAY IT PLEASE OUR MOST HON. LOUISIANA SUPREME COURT TO** GRANT

LEAVE OF APPELLANT JONES TO RESPECTFULLY SUBMIT FOR EMERGENCY

GRANTING THE FOLLOWING ***MOTION FOR AN ORDER TO STAY, AND RELEASE*** of

Appellant Jones Properties as stated above:

**On or about January 29, 2010 ( mail post marked ) February 1, 2010 ( actual LSC**

**Clerk stamped date ) Appellant Jones filed before Our Most Hon. Louisiana**

**Supreme Court 2 Appeals/Writs Nos. 2010-C-0257 & 2010-C-0254 for both**

**Certiorari, and Supervisory issues which pertain to Appellant Jones Properties**

**located at 4631 & 4631 " A " Annette St.-N. O. La. 70122.**

1) Appellant Jones filed these Writs under the Federal and State Constitutional

Protections of Denial of Appellant Jones 5th and 14th Amendment, as well

Unlawful Seizure, and Sale of Jones properties without a Deprivation Hearing as

is afforded in the Fuentes Doctrine of Our Federal Courts, and of Complimentary

Doctrines within the State of Louisiana's Prevailing Precedents Cases.

2) Appellant Jones respectfully asked Our Most Honorable La. Supreme Court to

determine the Constitutionality of the Louisiana Executory Process law, as it

relates to an Abridgement of Appellant Jones 5th, and 14th Amendment rights as

guaranteed under Our U. S. Constitution, as well as the Constitution of the Great

State of Louisiana.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

3) Appellant Jones further asked Our Most Honorable La. Supreme Court to
   additionally weigh this Law in light of the Preemptive Federal Law of Article I,
   Section 9, Clause 7, and Article II, the Commerce Clause, Recovery Act of 2009,
   TARP Act of 2008, and the Patriot Act of 2002  ( and it's subsequent renewals )
   as they relate to Our Nation's, and the Great State Of Louisiana Solvency Rights,
   Our National Financial Mortgage & Financial Security, and how this Un-
   Constitutional Law is deteriorating the Value of Our U. S. Dollar, and is truly a
   Legal Weapon of Financial Destruction, which if applied in an Orchestrated
   Manner could evict Millions out of their homes in less then 90 days from the date
   of the filing of the Executory Process until the American Citizens properties are
   sold on the Steps of any Sheriff Building.

4) During the Course of Appellant Jones awaiting for Our Most Honorable
   Louisiana Supreme Court to act upon Appellant Jones Emergency " Priority
   Writs ", the Respondents , namely; First Bank & Trust et al, ERA Stirling
   Realtors ( agents of First Bank & Trust ) and Quick Recovery Auto Salvage (
   agents of ERA Stirling ) have unlawfully entered into Appellant Jones properties,
   and have seized over 12 boxes of documents which are evidence in Support of
   Appellant Jones Rico Federal Whistleblowers Discrimination Etc. civil
   Complaints, as well as Appellant Jones Anti Trust -etc. cases, and the Present
   litigations before Our Most Honorable Louisiana Supreme Court, and the other
   companion suits in Orleans CDC NO. 2008-5783, and Appeal Case NO. 660026 in
   the 24th JDC, in the *MOST MALICIOUS, DUBIOUS  AND CRIMINAL MANNER*
   *IMAGINABLE.*

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

5) APPELLANT JONES NEVER RECEIVED any Notice from Their attorney of
record, namely; Mr. Mark C. Landry, or any of the agents of First Bank & Trust,
requesting entry, or alerting Appellant Jones of the Sale of Any Appellant Jones
properties while they are pending Appeal, and such other legal outcomes.

6) Appellant Jones has been in contact with Attorney Mr. Landry at several
Hearings, over the last three months in Jefferson Parish, and in direct Phone
Communications, as well as in Email Communications with Mr. Landry, and
there has never been any mention of thee events intending to occur, or to have
occurred.

7) Mr. Landry, Mrs. Susan Campbell of ERA Stirling, Mr. Ike Spears of the
Honorable Clerk of Court, Mr. Dietweller representing the Honorable Sheriff
Paul Valteau of these events on February 22, 2010, and February 25, 2010 of
these unlawful intrusions, and Appellant Jones has made Amicable Demand for
the return of the Properties, but has of this date received No Response in these
regards.

8) Mr. Landry, Mr. Dietweller, and Mr. Spears have been Informed of the Federal
violations of Obstruction of Justice, and the deliberate and malicious destruction
of evidence in Support of a Federal Crime ( s ).

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

9) Additionally, Mr. Landry is fully aware of the Fuentes Vs. Shevin (U S C N0.
70-5039-DECIDED JUNE 12, 1972- TOGETHER WITH NO. 70-5138
PARHAM ET AL VS. CORTESE ET AL ), and the requirement associated by
Federal Law, and Constitutional Law of the need under the 14th Amendment of
Our united States Constitution for a deprivation hearing to be heard before any
Lawful Owner ( s ) can be deprived of their properties.

10) Mr. Landry, Mr. Dietweller, and Mr. Spears were all sent copies of Appellant
Jones Ownership documents to the  properties listed above in La. Supreme Court
Case Dockets No. 2010-C-0254 & 2010-C-0257 On February 1st, 5th, and 8th as is
demonstrated by the Honorable Clerk Of court for Our Louisiana Supreme Court
records will show.

11) The Leases Appellant Jones holds on the properties which are paid in full until
November of 2012, also were furnished to these Counselors, and these events of
Unlawful Entry, and Seizure of Properties have continued to go Un-Checked as a
matter of United States Constitutional Law, as well as State Of Louisiana
Constitutional Law.

12) Appellant Jones has further learned that the Property may have went to an
Unlawful Sale, and this is blatantly unacceptable as a matter of Constitutional
Law, both United States,   and Louisiana .

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

13) Appellant Jones learned of these events from a Notice I received in the mail here in Georgia, at my Legal domiciliary, 302 Plantation Circle Fayetteville, Ga. 30214, form Quick Recovery Auto Salvage ( see enclosed Notices in Appendix – DGJ-2006 DODGE-FBT-QUICK  UNLAWFUL SEIZURE NO. 1 )

14) Appellant Jones was sent the Notice Of Final Date to Make arrangements to recover vehicle From Quick Recovery Auto Salvage on February 22, 2010 and has been given an unlawful Fifteen ( 15 ) days to pick up the vehicle, which would be until March 8, 2010.

15) Appellant Jones also Noticed that Mr. Brian Schweda of Quick Recovery Auto Salvage makes mention of  the Engine not running, which indicates the vehicle has been unlawfully entered into. It must also be noted that I the owner of the vehicle have the only Key to turn the engine, and as such , I do not understand how this brand new truck has engine trouble.

APPELLANT JONES RESPECTFULLY SUBMIT FOR MOST HONORABLE LA.SUPREME COURT TO CONSIDER THE WISDOM OF OUR UNITED STATES JUSTICES IN THE CASE OF FUENTES VS. SHEVIN ( 70-5039-SECTION IV-PAGE 4 OF 15 ) IN CONSIDERING WHETHER TO GRANT APPPELLANT JONES CONSTITUTIONAL RIGHTS TO AN EXPEDITED EMERGENCY STAY

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G. JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

IV

**FOR MORE THAN A CENTURY,** the central meaning of procedural Due Process has been clear:" **parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy the right they must first BE NOTIFIED.** " BALDWIN V. HALE, 1 WALL,223, 233, SEE WINDSOR V. McVEIGH, 93 U. S. 274; HOVEY V. ELLIOTT, 167 U. S. 409; GRANNIS V. ORDEAN, 234 U. S. 385. **It is equally fundamental that the right to NOTICE AND AN OPPORTUNITY TO BE HEARD " "*must be granted" at a meaningful time and n a meaningful manner.* " *Armstrong v. Manzo, 380 U. S. 545, 552.***

**The primary question in the present cases** ( Fuentes v. Shevin- as well as Donald G. Jones vs. First Bank & Trust-2010-C-0254 & 2010-C-0254-emphasis added ) is whether these statutes ( which includes Louisiana's Executory Process emphasis added ) **are constitutionally defective in failing to provide for hearings " at a meaningful time. "** The Florida **replevin process guarantees an opportunity for a hearing after the seizure of goods,** and the Pennsylvania process allows a post-seizure hearing if the aggrieved party shoulders the burden of initiating one. But neither the Florida nor the Pennsylvania statute provides for **Notice or an Opportunity to be heard before the seizure.** The issue is whether **procedural due process in the context of these cases requires an opportunity for a hearing before the State authorizes its agents to seize property in the possession of a person upon the application of another.**

**DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-**
**NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.**
**JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B**

The Constitutional right to be heard is a basic aspect of the duty of government to follow a fair

process of decision making when it acts to deprive a person of his/her ( Donald G. Jones and/or

Rebecca B. Duwell )  possessions. The Purpose of this requirement is not **[ p 81]** only to ensure

abstract fair play to the individual. Its purpose, more particularly, is to protect his use, and

possession of property from arbitrary encroachment—to minimize substantively unfair or

mistaken deprivations of property, a danger that is especially great when the State seizes goods

simply upon the application of and for the benefit of a private party. So viewed, the prohibition

against the deprivation of property without Due Process of Law reflects the high value, embedded

in Our Constitutional and Political History, that we place a person's right to enjoy what is his/her

( Donald G. Jones and Rebecca B. Duwell ), free of governmental interference. See Lynch v.

Household Finance Corp, 405 U. S. 538, 552.

The requirement of Notice and An Opportunity to be heard raises no impenetrable barrier

to the taking of a Person's ( Donald G. Jones and Rebecca B. Duwell ) possessions. But

the Fair Process of Decision Making that it guarantees works, by itself, to protect against

arbitrary deprivation of property.

" ***for when a person has an Opportunity to Speak Up in his/her ( Donald G. Jones and Rebecca***

***B. Duwell ) own defense, and when the State must listen to what he/she has to say,***

***substantively unfair, and simply mistaken deprivations of property interests can be prevented.***

***It has long been recognized that "***

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**Fairness can rarely be obtained by secret, one-sided determination of facts decisive of
rights…. [And n ] o better instrument has been devised for arriving at truth than to give a
person ( Donald G. Jones and Rebecca B. Duwell ) in jeopardy of serious loss Notice of the
case against him/her an opportunity to meet it.**

Joint Ant-fascist refugee Committee v. McGrath, 341, U. S. 123, 170, 172 ( Frankfurter, J.,
concurring ).

If the right to **Notice and a Hearing is to serve its full purpose, then, it is clear that it must be
granted at a time when the deprivation can Still be Prevented. At a later hearing, an
Individual's    ( Donald G. Jones and Rebecca B. Duwell )** possessions can be returned to
him/her if they were unfairly or mistakenly taken in the first place. Damages may even be [ p82 ]
awarded to him/her for the wrongful deprivation. But no later hearing and no damage award can
undo the fact that the arbitrary taking that was subject to the right of **Procedural Due Process
has already occurred. This ( Our United States Supreme Court )  has not … embraced the
general proposition that wrong may be done if it can de undone. " Stanley v. Illinois, 405 U.
S. 645, 647.**


**This is no new principle of Constitutional Law.** The right to a prior hearing has long
been recognized by this Court ( Our United States Supreme Court )  under the Fourteenth
( 14th )  and Fifth ( 5th ) fifth Amendments. Although the court held that due process
tolerates variances in the form of a hearing " appropriate to the nature of the case, "
Mullane v. Central Hanover Tr. Co. 339 U. S. 306, 313, and " depending upon the

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

importance of the interests involved and the nature of the subsequent proceedings [ if

any]. Boddie v. Connecticut, 401 U. S. 371, 378, the Court has traditionally insisted that,

whatever its form, opportunity for that hearing must be provided before the deprivation at

issue takes its form, opportunity for that hearing must be provided before the deprivation

at issue takes effect. E. g. Bell v. Burson, 402 U. S. 535, 542; Wisconsin v.

Constantineau, 400 U. S. 433, 437; Goldberg v. Kelly, 397 U. S. 254; Armstrong v.

Manzo, 380 U. S. at 551; Mullane v. Central Hanover Tr. Co. supra, at 313; Opp Cotton

Mills v. Administrator, 312 U. S. 126, 152153; United States v. Illinois Central r. co. ,

291 U. S. 457, 463; Londoner v. City & County of Denver, 210 U. S. 373, 385-386. See

In re Ruffalo, 390 U. S. 544, 550-551

 

That the hearing required by due process is subject to waiver, and is not fixed in form

does not affect its root requirement that an individual be given an opportunity for a hearing before

he/she is deprived of any significant property interest, except for extraordinary  situations where

some valid governmental interest is at stake that justifies postponing the hearing until after the

event.

 

Boddie v. Connecticut, supra at 379-379 ( emphasis in original ) [ p83 ].

## FINALLY OUR MOST HONORABLE LA. SUPREME COURT JUSITCES APPELLANT

## JONES PRAYS THAT SECTION " VII " BE GIVEN THE SACRED WISDOM WHICH

## OUR MOST HONORABLE SUPREME COURT HAS SWORN TO UPHOLD

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

**FINALLY, WE ( Our United States Supreme Court as well as Our Most Honorable**

**Louisiana Supreme Court )** must consider the contention that the appellants who signed

conditional sales contracts thereby **waived their ( Donald G. Jones and Rebecca B. Duwell )**

**basic Procedural Due Process rights.** The contract signed by Mrs. Fuentes provided that, " IN

the event of default of any payment or payments, Seller ( Lender-First Bank & Trust in this Legal

analysis ) at its option may take back the merchandise ( repossess the Alleged Collateral ) ... "

The Contracts signed by the Pennsylvania appellants similarly provided that the Seller ( Lender in

this Case )  may retake " ( Seize and Sell at Sheriff Sale in this Case ) the merchandise  in the

event of a " default in any payment ". These terms were parts of printed form contracts, appearing

in relatively small type and unaccompanied by any explanations clarifying their meaning.


**In D. H. Overmyer Co. v. Frick Co., 405 U. S. 174,** the Court recently outlined the

considerations relevant to determination of a contractual waiver of Due Process rights.

Applying the standards governing waive of Constitutional Rights in a criminal

proceeding [ n31]-although not holding that such standards must necessarily apply--- the

Court held that, on the particular facts of the case, the contractual waiver of Due Process [

p95 ] rights was Voluntarily, intelligently, and knowingly " made. Id at 187. The contract

in Overmyer was negotiated between two corporations; the waiver provision was

specifically bargained for, and drafted by their lawyers in the process of these

negotiations.

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

As the Court noted, it was " Note " a case of **UNEQUAL BARGAINING POWER OF**

**OVERERACHING**.  The Overmyer-Frick agreement, from the start, was not a contract of

adhesion, " Id. At 186. Both parties were aware of the significance of the waiver provision. Ibid.

The facts of the present case ( including Donald G. Jones and Rebecca B. Duwell-LSC NO. 2010-

c-0254 & 2010-C-0257 ) are a far cry from those Overmyer. There was no bargaining over

contractual terms between the parties who, in the event, were far from equal in bargaining power

The purported waiver provision was a printed part of a Form Sales ( In this Case Alleged

Mortgage Agreement )  contract and a necessary condition of the sale ( alleged Loan ). Te

appellees made no showing whatever that the appellants were actually aware or made aware of

the Significance of he fine print now relied upon as a waiver of Constitutional Rights.

**THE COURT IN OVERMYER OBSERVED THAT,**

**WHEN THE CONTRACT IS ONE OF ADHESION, WHERE THERE IS GREAT**

**disparity in bargaining power, and where the debtor receives nothing for the[ waiver ]**

**provision, other legal consequences may ensue.**

**SECTION VIII**

[ D ] UE PROCESS IS AFFORDED ONLY BY THE KIND OF " Notice " and " Hearing " that

are aimed at establishing the validity, or at least the probable validity, of the underlining claim

against the alleged debtor ( Donald G. Jones and Rebecca B. Duwell ) before he/she can be

deprived of his/her property…

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24TH JDC DOCKET NO. 660026-DIV B

Sniadach v. d Family finance Corp. supra, at 343 ( Harlan, J. , concurring ) See Bell v. Burson,

supra, at 540; Goldberg v. Kelly, supra, at 267

For the foregoing reasons, the judgments of he District Courts are vacated, and these cases are

remanded for further proceedings consistent with this opinion.

Wherefore Appellant Jones  **PRAYS OUR MOST HONORABLE LOUISIANA SUPREME**

**COURT issue an Immediate Emergency Stay, and Order remanding the Properties back**

**into the hands of their rightful Owner, namely; Donald G. Jones.**

**Respectfully Submitted To The Pleasure of Our Most Honorable Louisiana Supreme Court.**

DONALD G. JONES  APPELLANT PRO SE

302 PLANTATION CIRCLE

FAYETTEVILLE, GA. 30214

504-339-8052

Email-jonesdnjhnsn@aol.com

I CERTIFY I HAVE PLACED A COPY OF THESE  PROCEEDINGS IN U. S. MAIL POSTAGE PREPAID

THIS 4TH  DAY OF MARCH,  2010 TO ALL ATTORNEY S OF RECORD.

PARTIES TO THESE PROCEEDINGS ARE:

MR. MARK C. LANDRY, ESQ.

ATTORNEY FOR FIRST BANK & TRUST

212 VETERANS HWY.

METAIRIE, LA. 70005

HONORABLE ORLEANS PARISH CIVIL SHERIFF PAUL R. VALTEAU

421 LOYOLA AVE.-SUITE 403

N.O., LA. 70112

Page-62-civil complaint/dgj/fbt/era/quick/tro/injunc/damages over $22,320,000.00USEDL/03/09/2010

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-I.6 & 24TH JDC DOCKET NO. 660026-DIV B

HONORABLE ORLEANS PARISH CLERK OF CIVIL DISTRICT COURT DALE ATKINS

421 LOYOLA AVE.-SUITE 402

NEW ORLEANS, LA. 70112

REBECCA B. DUWELL                          LA. OFFICE OF FINANCIAL INSTITUTIONS

THROUGH

110 KETTERING TRACE                        LA. ATTORNEY GENERAL'S OFFICE

TYRONE, GA. 30290                          1885 3RD ST.

PRIVATE LISTING PHONE #                    BATON ROUGE, LA. 70802

                                                        225-925-4660

LA. OFFICE OF FINANCIAL INSTITUTIONS

HON. COMMISSIONER OF OFFICE OF FINANCIAL INSTITUTIONS

8660 UNITED PLAZA BLVD.-2ND FLOOR

BATON ROUGE, LA. 70804

            225-925-9660

HON. CDC JUDGE MADELINE LANDRIEU           GOVERNOR OF THE GREAT STATE

DUTY JUDGE FOR DIV. " L " 6 ON JUNE 4, 2009   OF LOUISIANA THROUGH AGENT

421 LOYOLA AVE.                            FOR SERVICE OF PROCESS HON. LA.

NEW ORLEANS, LA. 70112                     ATTY.  GEN. JAMES D. " BUDDY " CALDWELL

504-592-9100                               1885 3RD ST.

                                           BATON ROUGE, LA. 70802

DONALD G. JONES VS. FIRST BANK & TRUST CO.-TRO & INJUNCTION-DAMAGES OVER $4.BILLION-
NOTICE OF REMAND IN CASE DOCKET FIRST BANK & TRUST CO. VS. REBECCA B. DUWELL & DONALD G.
JONES CASE DOCKETS NO. 2008-5783-H-12/2009-5777-L6 & 24ᵀᴴ JDC DOCKET NO. 660026-DIV B

## CERTIFICATE OF SERVICE

I CERTIFY THAT I  HAVE MAILED A COPY OF THIS APPLICATION FOR APPEAL &
WRIT OF CERTIORARI BEFORE THE HON. LOUISIANA. SUPREME COURT, FOR THE
STATE OF LOUISIANA, TO ALL PARTIES IN THESE PROCEEDINGS, LSC CASE
DOCKET NO. 2010-C-0257 & 2010-C-0254,  THIS 4ᵀᴴ DAY OF MARCH, 2010.

*Donald D. Jones " Pro Se "*

DONALD G. JONES " PRO SE "

302 PLANTATION CIRCLE

RIVERDALE, GA. 30214

504-339-8052

Email-jonesdnjhnsn@aol.com

## MEMORANDUM IN SUPPORT OF EMERGENCY STAY TO LA. SUPREME COURT

LOUISIANA SUPREME COURT

FIRST BANK & TRUST, ET AL              **LSC DOCKET NO: 2010-C-0257 & 2010-C-0254**

         VS.

REBECCA B. DUWELL & DONALD G. JONES        **WRIT NO:  LA 4CA-2009-C-1545 & 1355**

DONALD G. JONES/CO-DEFENDANT/APPELLANT

MEMORANDUM IN SUPPORT OF LSC RULE X SECTION ( 2 ) ( e ) EMERGENCY
MOTION TO ISSUE ORDER OF STAY AND THE RELEASING OF APPELLANT JONES