# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD G. JONES | CIVIL ACTION |
| VERSUS | NO: 10-939 |
| FIRST BANK AND TRUST CO. ET AL | SECTION: "C" (1) |

## ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion for a temporary restraining order. (Rec. Doc. 4). Having considered the record, the memorandum of counsel for the plaintiff, and the law, the Court has determined that the motion should be DENIED for the following reasons.

The plaintiff has filed an extremely lengthy complaint including a wide range of legal theories, many of which appear to relate to a property or properties located in New Orleans. (Rec. Doc. 1 at 6). On March 22, 2010, he filed a "Petition for Emergency TRO and Permanent Injunction Hearing." (Rec. Doc. 4 at 2).

Rule 65(b)(1) provides that a temporary restraining order can be issued only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Here, assuming that this Court has jurisdiction over these defendants and this action, critical facts relating to irreparable harm are lacking. Indeed,

while the plaintiff has attached a plethora of documents to his complaint and to his motion, they fail to articulate his theory of relief in a manner accessible to the Court.

In addition to the requirement of irreparable harm, the court can consider whether the plaintiff has demonstrated a reasonable probability of prevailing on the merits, the balance of harm to the defendant against injury to the plaintiff if the motion is denied, and the "effect of the requested order on the public interest." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11A Federal Practice & Procedure; Civil 2nd §2951 (West). Again, plaintiff's motion is deficient in that the probability of success on the merits cannot be determined in the absence of an explanation as to how the documents included relate to the legal authorities cited.

The requirements for a preliminary injunction under Rule 65 are mirrored in those pertaining to a temporary restraining order. A preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008). Again, the Court's reading of the motion indicates that the plaintiff has fallen short of the mark for the extraordinary relief sought.

This Order is directed only to the appropriateness of a temporary restraining order and preliminary injunction. The Court does not express any opinion as to the appropriateness of any other relief sought by the plaintiff.

Accordingly,

IT IS ORDERED that the plaintiffs motion for a temporary restraining order and

preliminary injunction is DENIED.

New Orleans, Louisiana, this 9th day of April, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**