# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

DONALD G. JONES                                                                          CIVIL ACTION

Versus                                                                                           No. 10-00939

FIRST BANK AND TRUST, ET. AL.                                                  SECTION "C" (2)

# ORDER AND REASONS[1]

This case involves an action by *pro se* plaintiff Donald G. Jones ("Jones") against defendants Joseph Canizaro, J. Michael Brown, Stephen Dickey, J. Kenneth Ledoux, Patrick Orillion, Desiree Harris, First Bank and Trust Community Development Corporation, and First Bank and Trust (collectively, "First Bank and Trust"); Stirling Residential, Inc., Susan Campbell, Brian Schweda; Louisiana Supreme Court, Louisiana Legislature, Louisiana 4th Circuit Court of Appeal, Louisiana Fifth Circuit Court of Appeal, and Governor Bobby Jindal (collectively, "The State Defendants"); Times-Picayune, LLC, The New York Times Company, James E. Fitzmorris, Jr., and Cox Enterprises, Inc. This case is related to similar cases that the plaintiff has filed in this Court as well as other federal and state courts. The plaintiff filed suit in the Eastern District of Louisiana on March 18, 2010. Rec. Doc. 1. On April 12, 2010 defendants Harris and Orillion filed a motion to dismiss for insufficient service of process. Rec. Doc. 18. Plaintiff filed his first motion for the recusal Judge Berrigan on April 12, 2010 and filed a second motion for recusal on April 16, 2010. Rec. Doc. 30 and 31. Defendants First Bank and Trust

---
[1] Ellen Cornutt, J.D. Candidate at The University of Virginia School of Law assisted in preparing this Order and Reasons.

1

filed a motion to enjoin the plaintiff from future frivolous filings and a motion to dismiss for failure to state a claim upon which relief can be granted and for attorney's fees and costs on April 23, 2010. Rec. Doc. 39 and 40. Plaintiff filed a motion for a three judge panel on April 28, 2010. Rec. Doc. 45. Defendant New York Times Company filed a motion to dismiss for failure to state a claim on May 3, 2010. Rec. Doc. 49. Plaintiff filed a motion to appeal Magistrate Judge Knowles's order denying leave to proceed *in forma pauperis* on May 14, 2010. Rec. Doc. 67. Defendant Times Picayune, L.L.C., filed a motion to dismiss for failure to state a claim on May 17, 2010. Rec. Doc. 62. The State Defendants filed a motion to dismiss for failure to state a claim on May 21, 2010. Rec. Doc. 69. Defendant Cox Enterprises, Inc. filed a motion to dismiss for failure to state a claim on May 25, 2010. Rec. Doc. 72. These motions are the subject of this order. Having considered the record, the memoranda of counsel and law, the Court has determined that the plaintiff's motions should be denied and the defendants' motions should be granted.

**Plaintiff's Appeal of Magistrate Judge Knowles's Order Denying Leave to Proceed In Forma Pauperis**

The plaintiff is appealing the decision of Magistrate Judge Knowles to deny his application to proceed *in forma pauperis* under 28 U.S.C. § 1915 in an action before the Eastern District of Louisiana which was consolidated with related cases filed by the plaintiff. *First Bank & Trust v. Rebecca Barnett-Duwell and Donald G. Jones,* No. 10-1007 and No. 10-1008. Further, because the plaintiff's application for leave to proceed *in forma pauperis* was granted in the related case by Magistrate Judge Shushan, it is necessary for the district court to resolve this conflict.

In federal court, there is no absolute right to proceed *in forma pauperis*. *Carter v. Thomas,* 537 F.2d 1332 (5th Cir. 1976). A district court has broad discretion to deny a party's

request to proceed *in forma pauperis*, especially in civil cases where the privilege should be cautiously granted. *See Flowers v. Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975); *Torres v. Garcia,* 444 F.2d 537 (9th Cir. 1971). An affidavit to proceed *in forma pauperis* is sufficient if it states that an individual cannot afford to pay for litigation costs and remain able to care for oneself and one's dependants. *Johnson v. City of Port Arthur,* 892 F.Supp. 835 (E.D. Tex. 1995). The applicant moving for leave to file *in forma pauperis* should state with particularity and certainty as to the facts of his poverty. *Dreyer v. Jalet,* 349 F. Supp. 452, 459 (S.D. Tex. 1972) (citing *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960)).

Although the U.S. District Court for the Northern District of Georgia in *Donald G. Jones v. Travelers* denied the plaintiff's application to proceed *in forma pauperis*, remarking that the plaintiff had 'high value assets' that could be sold, this Court finds that the plaintiff has demonstrated a need to be granted *in forma pauperis* status. Rec. Doc. 39-2 at 5-6. The privilege to proceed *in forma pauperis*, is not reserved for those who are destitute, but more than mere poverty must be alleged. *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). In this case, plaintiff has submitted an affidavit as evidence of his inability to pay the filing fees associated with this suit, stating that his cost of living exceeds his monthly income. Jones lists his monthly income as $3,600 and his monthly expenses at $3,800. In addition, the plaintiff admits to being both in default on loans and in credit card debt. Rec. Doc. 2 at 2. Given such evidence, the plaintiff's claim of poverty seems plausible despite the skepticism displayed by the *Travelers* court.

Thus, the plaintiff's application to proceed *in forma pauperis* is GRANTED.

**Plaintiff's Motion to for Recusal of Judge Berrigan**

3

The plaintiff has a history of seeking to recuse judges in both state and federal court. In foreclosure suits filed by First Bank and Trust against Rebecca Barnett-Duwell in the Civil District Court of Orleans Parish, Louisiana, the plaintiff in this case attempted to intervene in order to claim ownership rights in the properties at issue, despite the fact that he was unable to demonstrate ownership of either property. Rec. Doc. 52, Exhibit 1. The Civil Court of Orleans Parish denied Jones's motion for recusal. The plaintiff has similarly requested that the United States Fifth Circuit Court of Appeals remove Judge Jay Zainey, who presided over *Jones v. Liberty Bank & Trust,* No. 08-1470. The *Liberty* case was a suit Jones filed against several banks, including First Bank and Trust. The court dismissed the entire case. Rec. Doc. 52, Exhibit 2. The Fifth Circuit Court of Appeals entered a "DOCUMENT RECEIVED-NO ACTION TAKEN" response to Jones's pleading, because it should have been filed directly to the U.S. Supreme Court. Presently, it appears that the plaintiff is attempting to recuse the judge of this Court as a response to the denial of his request for a temporary restraining order.

The recusal of a federal judge is governed by 28 U.S.C. §§ 144 and 455. *Lawal v. RTM*, 260 Fed. Appx. 149, 152 (11th Cir. 2006). It is not clear which of these that the plaintiff seeks recusal under. A district judge is obligated to recuse herself with reason, but is also obligated not to recuse herself without reason. *See Nat'l Union Fire Ins. Co. v. Illinois Continental Corp.*, 639 F. Supp. 122 (N.D. Ill. 1986). Taken alone, rulings against a party do not provide sufficient basis for holding that the impartiality of the court is uncertain. *United States v. Archbold-Newball,* 554 F.2d 665, 682 (5th Cir. 1977); *Byrne v. Nezhat,* 261 F.3d 1075, 1103 (11th Cir. 2001). Jones appears to seek recusal under both 28 U.S.C. §§ 144 and 455 because he has filed separate motions for relief. Although, Jones has submitted a colorful questionnaire, he does not assert

4

any particular facts that would necessitate recusal. Thus, he fails to satisfy the requirements of either statute by citing specific grounds for recusal.

Because the plaintiff does not cite specific grounds for recusal, and because the Court is not independently aware of such grounds, the plaintiff's motion for recusal of this judge is DENIED.

**Plaintiff's Motion for a Three Judge Panel**

The requirements for a three judge panel are set forth in 28 U.S.C. § 2284 (2006). A three judge panel is only allowed in cases challenging the apportionment of congressional districts or any statewide legislative body and in cases where Congress has designated the use of three judge panels. The plaintiff does not challenge the apportionment of congressional districts or statewide legislature, and he has not identified a specific statute or provision that would authorize a three judge panel in this case.

Accordingly, the plaintiff's motion for a three judge panel is DENIED.

**State Defendants' Motion to Dismiss**

The state defendants move to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(1) and Fed. R. Civ. P. Rule 12 (b)(6).

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. *Fox v. Reed*, 2000 WL 288379 at *2 (E.D.La. Mar. 17, 2000). It is also the proper procedural mechanism to seek summary dismissal of a claim which is barred by the immunity afforded under the Eleventh Amendment to the United States Constitution. *See Rodriguez v. Board of Trustees for State Colleges and Universities*, 1993 WL 484909 * 2, n. 3

(E.D.La. Nov. 2, 1993). Through judicial construction, the immunity to suit has been extended to suits brought against states by their own citizens. *Hans v. Louisiana,* 134 U.S.1 (1890). Louisiana law similarly states that "[n]o suit against the state or a State agency or political subdivision shall be instituted in any court other than a Louisiana court." La. Rev. Stat. Ann. § 13:5106(a) (2006). Eleventh Amendment Immunity bars claims for both money damages and equitable relief unless the state chooses to waive its immunity. *Cosso v. Tangipahoa Parish Council—President Government,* 279 F.3d 273, 280 (5th Cir. 2002). The State Defendants in this case have expressly declined to waive their Eleventh Amendment Immunity.

Suits against state officials while in their official capacity are considered to be suits against the office of the individual and the state itself, falling under Eleventh Amendment Immunity. *Dedrick v. Richards,* 47 F.3d 425 (5th Cir. 1995). Because the suit against the governor, legislature, and justices is against them in their official capacity, it is considered a suit against the state, and they are entitled to absolute immunity. Furthermore, to the extent that the plaintiff seeks injunctive relief, the doctrine announced in *Ex Parte Young,* 209 U.S. 123, 158-59 and its progeny only allows suit for violations under federal law. *See also Edelman v. Jordan,* 415 U.S. 651, 666-68 (1974). The *Ex Parte Young* doctrine only allows for suit for on-going violations of federal law, which the plaintiff fails to adequately plead in this case. Under state law, both the state and state official are immune from suit in federal court for equitable relief based on state law. *Pennhurst State School v. Halderman,* 465 F.2d 517 (5th Cir. 1985).
As such, it is unnecessary to consider claims of qualified and judicial immunity.

Accordingly, the plaintiff's complaint as to the state defendants is dismissed for lack of subject matter jurisdiction. Because the complaint should be dismissed under Fed. R. Civ. P.

6

Rule 12(b)(1) for lack of subject matter jurisdiction, it is unnecessary to determine whether the case could also be dismissed under 12(b)(6).

**Defendants Desiree Harris and Patrick Orillion's Motion to Dismiss for Insufficient Service of Process (Rec. Doc. 18-1)**

Specially appearing defendants Desiree Harris and Patrick Orillion have made a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. Rule 12(b)(5). The defendants claim that the plaintiff's service of process on Landry was insufficient pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. An objection to the insufficiency of service of process must detail the manner in which the plaintiff has failed to satisfy the requirements of the applicable service provision. *O'Brien v. R.J. O'Brien & Assoc.,* 998 F.2d 1394 (7th Cir. 1993). Mark C. Landry, an attorney in Metairie, Louisiana received a copy of the summons and complaint for defendants Harris and Orillion through the U.S. Marshall on April 7-8, respectively. However, an attorney is not authorized to receive service of process based on his capacity as an attorney. *See Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 508 (E.D.La. 1985). Landry is not counsel for Harris, Orillon, or any of the other First Bank defendants in this case nor is he is a registered agent for Harris, Orillion, or any of the First Bank defendants. Furthermore, Landry has not been authorized to accept on their behalf. Rec. Doc. 18-3, Exhibit A. However, Fed. R. Civ. P. Rule 4(m) states that the time limit for service is 120 days from the date the complaint is filed. However, Rule 4(m) provides that if the plaintiff demonstrates "good cause" for the failure of service, then the Court may grant the plaintiff leave to extend service. Immediately following the return of the summons by Landry on April 26, 2010, the plaintiff filed a motion on April 28 to have the summons reissued to the proper parties. Rec. Doc. 44. As to the "good cause" requirement, the plaintiff has stated that he sent the summons to Landry because he was Harris and Orillion's attorney on record in prior pleadings.

Because the service of process on Landry was insufficient under 4(e) but because the plaintiff could qualify for an extension under Rule 4(m), the defendants Orillion and Harris's motion to dismiss under Fed. R. Civ. P. Rule 12(b)(5) is DENIED.

**Defendants' Motion to Dismiss for Failure to State a Claim**

The following defendants have submitted motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6): First Bank and Trust, The New York Times, the Times-Picayune, and Cox Enterprises, Inc.

In determining a Rule 12(b)(6) motion, the court must accept the plaintiff's well-pleaded facts as true and must draw all reasonable interferences in the plaintiff's favor. *Garcia v. United States,* 776 F.2d 116, 117 (5th Cir. 1985); *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009).

Against defendant First Bank and Trust, the plaintiff's claims arise out of properties that he claims he owned and were unlawfully seized from him. The properties include: (1) 3146 Virginia Avenue, New Orleans, Louisiana; (2) 4631 Annette Street, New Orleans, Louisiana; (3) 1027 Touro Street, New Orleans, Louisiana. However, First Bank and Trust has submitted the mortgages on the property in question and have submitted mortgage documents demonstrating that the properties were owned by Rebecca Barnett-Duwell prior to their seizure in a foreclosure action. Rec. Doc. 40, Exhibits B-C. Although he did sign the mortgages, Jones was acting as a disclosed agent for a disclosed principal under Louisiana Civil Code articles 2989 through 3032. He was not liable on the note. The plaintiff has previously sued in this jurisdiction concerning a property which was similarly owned by Barnett-Duwell. *Donald G. Jones v. Parish National Bank,* No. 08-1487. In that case, the Court granted the defendant bank's motion to dismiss

under Rule 12(b)(6).  According to Fed. R. Civ. P. Rule 17, because the plaintiff is neither a real party in interest nor does he not fall under the exceptions to Rule 17 he lacks standing to sue.

The plaintiff further alleges RICO claims against defendant First Bank and Trust.  This Court entered a Standing RICO Order setting forth what Jones must allege in order to satisfy the Fed. R. Civ. P. Rule 9(b) and 18 U.S.C. §§ 1961-68 pleading requirements.  Rec. Doc. 6.  The plaintiff has failed to file a RICO statement within the 20 days allowed by the order.  In regard to the Anti-Trust claims pled by the plaintiff, the allegations fail to meet the minimum requirements necessary to allege a violation of the Sherman Anti-Trust Act.  A plaintiff must pled specific facts that are not vague and conclusory. *See Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir. 1995).

Seemingly as a consequence of the seizure of the properties owned by Barnett-Duwell, the plaintiff also alleges that Louisiana's executory process statutes are unconstitutional.  Although it is clear that he does not have standing to sue, Jones would also fail as a matter of law.  He relies on the United States Supreme Court's decision in *Fuentes v. Shevin*, 407 U.S. 67 (1972) which has been modified by subsequent rulings.  *Mitchell v. W.T. Grant Co.,* 416 U.S. 600 (1974)(upholding the constitutionality of Louisiana's executory process statutes); *Ross v. Brown Title Corp.*, 356 F. Supp. 595 (E.D.La.), *aff'd*, 412 U.S. 934 (1973)(finding the procedure employed in Louisiana executory proceedings to be constitutional).

Against the defendants The New York Times Company, The Times-Picayune, LLC, and Cox Enterprises, Inc., the plaintiff's complaint seems to allege that the defendants have (1) violated his First Amendment rights; (2) violated Title VI of the Civil Rights Act of 1964; (3) violated the sections United States Criminal Code such as 18 U.S.C. §§ 241, 242, 1021; (4) aiding and abetting the RICO violations of the non-newspaper defendants.  Rec. Doc. 49-1 at 2.

9

The defendants argue that due to the U.S. Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) the plaintiff fails to meet the Fed. R. Civ. P. Rule 8(a) pleading standard for any of his causes of action. The plaintiff's complaint is quite long but it does not clearly state a claim against the defendants; instead, the complaint is rambling but mostly redundant. In such a case, Rule 8 authorizes dismissal of the complaint. *Shorts v. Office of Deputies Coworkers,* No. 06-1796, 2006 WL 2475306, at *1 (E.D.La. Aug. 23, 2006). Rule 8(a) demands more than legal conclusions without plausible factual allegations. *Twombly,* 550 U.S. at 555. Complaints drafted by *pro se* litigants are not held to the standard of complaints drafted by a professional attorney, but legal conclusions are not sufficient to prevent a motion to dismiss. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). For example, the plaintiff appears to assert that The New York Times, Times-Picayune, LLC, and the Atlanta Journal Constitution, a subsidiary of Cox Enterprises, Inc., are recipients of federal and state grants. This allegation, essential to his cause of action, is not plausible given that both defendants are clearly private enterprises. Public funding is insufficient to turn a private entity into a state actor. Instead, for a private actor to transform into a state actor, the state must have exercised its coercive power over or provided sufficient encouragement. *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982)). In this case, the plaintiff does not allege that the government exercises such control over these defendants that their decisions could be attributable to the government. For this reason, the plaintiff's constitutional allegations against the defendants fail to state a claim.

Even assuming that the plaintiff was able to satisfy the minimum pleading requirements, the plaintiff's allegations against The New York Times Company, Times-Picayune, LLC, and

Cox Enterprises, Inc. fail to demonstrate the standing to sue under Title VI of the Civil Rights Act of 1964, 28 U.S.C. § 2000(d) because he does not assert that he is either a member of a protected class that was discriminated against or that he was the intended recipient of federal funds that were discriminatorily disbursed. In addition, the plaintiff's complaint appears to assert claims under the U.S. Criminal Code including 28 U.S.C. §§ 241, 242, 1021. However these sections of the Code do not provide litigants with a private cause of action. *See Henry v. Albequerque Police Dept.*, 29 Fed. Appx. 272, 273 (10th Cir. 2002) (citing *New Comb v. Ingle,* 827 F.2d 675, 677 n.1 (10th Cir. 1987). In regard to the RICO claims against the defendants, the plaintiff asserts that they have aided and abetted the RICO activities of the other defendants. However, this Court has held that there is no liability for aiding and abetting. *In re MasterCard Intern, Inc.*, *Internet Gambling Litigation*, 132 F. Supp. 2d 468, 494-95 (E.D.La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002).

Thus, defendants First Bank and Trust, The Times-Picayune, LLC, The New York Times Company, and Cox Enterprises, Inc.'s motions to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6) are GRANTED.

**Sanctions**

Federal courts have inherent powers to enjoin litigants who have abused the courts. Such power includes the ability to issue injunctions to restrict filing of pleadings that lack merit, and to limit a plaintiff's ability to proceed *pro se* or *in forma pauperis*. 28 U.S.C. § 1651(a), otherwise known as The All Writs Act, allows courts to enjoin those litigants who have harassed their opponent. *Harrellson v. United States,* 613 F.2d 114, 116 (5th Cir. 1980). The Fifth Circuit emphatically stated in *Hardwick v. Brinson,* 523 F.2d 798, 800 (1975) that "No one, rich or poor, is entited to abuse the judicial process."

The plaintiff is a frequent litigant in both federal and state court. He has been put on notice of the frivolous nature of his claims because numerous complaints and appeals he has filed have been dismissed as frivolous or for failure to state a claim. Defendant First Bank and Trust offers evidence that their company alone has spent over $67,858 in attorney's fees and costs responding to the plaintiff's claims and lawsuits. Rec. Doc. 40-1 at 19. In addition to the ruling mentioned previously, the following rulings have been entered in cases in both the U.S. District Court for the Eastern District of Louisiana and Louisiana state courts. Rec. Doc. 39-1 at 206.

1. *Jones v. Liberty Bank & Trust,* No. 08-1470, U.S. District Court for the Eastern District of Louisiana, dismissed on Nov. 25, 2008.
2. *Jones v. Liberty Bank & Trust*, No. 08-31244, United States Court of Appeals for the Fifth Circuit, appeal from the judgment in No. Dismissed for lack of prosecution.
3. *In re Yur Construction Co., Inc.,* No. 08-12013, U.S. District Court for the Eastern District of Louisiana, attempt to stop the foreclosure sale on certain properties, dismissed.
4. *First Bank & Trust v. Barnett-Duwell*, No. 08-5783, Civil District Court for the Parish of Orleans, executory proceeding, sale held May 7, 2009.
5. *First Bank & Trust v. Barnett-Duwell,* No. 660-026, 24th Judicial District Court for the Parish of Jefferson, executory proceeding. Dismissed on Jan. 1, 2010.
6. *First Bank & Trust v. Tuggles*, No. 659-649, 24th Judicial District Court for the Parish of Jefferson, executory proceeding, sale held Aug. 6, 2008.
7. *First Bank & Trust v. Barnett-Duwell*, No. 09-5777, Civil District Court for the Parish of Orleans, executory proceeding, sale held Sept. 3, 2009.
8. *First Bank & Trust v. Barnett-Duwell*, No. 09-C-1083, Louisiana Court of Appeal for the Fifth Circuit, emergency writ to declare executory process unconstitutional, denied Dec. 17, 2009.
9. *First Bank & Trust v. Barnett-Duwell*, No. 09-C-1084, Louisiana Court of Appeal for the Fifth Circuit, ordinary writ to declare executory process unconstitutional, denied Dec. 17, 2009.
10. *Donald G. Jones v. La France*, No. 08-04009, U.S. District Court for the Eastern District of Louisiana (Lemmon, J.), dismissed *sua sponte.*
11. *Donald G. Jones v. Johnson*, No. 09-03666, U.S. District Court for the Eastern District of Louisiana (Feldman, J.).

This list is by no means exhaustive, but demonstrates the time and expense that courts have already spent on the plaintiff's extensive findings. The defendants Joseph Canizaro, J. Michael Brown, Stephen Dickey, J. Kenneth Ledoux, Patrick Orillion, Desiree Harris; First Bank

and Trust Community Development Corporation, First Bank and Trust (collectively "First Bank and Trust") have requested the award of monetary damages in the form of attorney's fees and costs pursuant to 28 U.S.C. § 1927. In order for the Court to sanction under that section, there must be a finding that the proceedings were unreasonable and vexatious. *F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1297 (5th Cir. 1994). The Fifth Circuit also counsels courts to impose these sanctions with caution. *Id.* There is a debate among circuits as to whether or not § 1927 may be applied to a *pro se* litigant. *Compare Wages v. IRS,* 915 F.2d 1230, 1235-36 (9th Cir. 1990) (holding that § 1927 may be applied to *pro se* litigants), with *Sassower v. Field,* 973 F.2d 75, 80 (2d Cir. 1992) (holding that § 1927 should not apply to *pro se* litigants). Although the Fifth Circuit is undecided on this issue, it seems likely the Fifth Circuit will follow the *Sassower* holding since the Court has previously stated that § 1927 applies to attorneys rather than parties. *Allen v. Travis*, 2007 WL 1989592 at *6 (N.D.Tex. July 10, 2007). Therefore, the Court finds that § 1927 is not the most appropriate method to sanction *pro se* litigants in this jurisdiction.

The Court may nonetheless employ its inherent sanctioning power to address Jones's overuse of the Court's resources. The range of sanctions used by the Court depends on the particular circumstances of each case, but appropriate sanctions include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *Scott v. Sims*, 2004 WL 2203249 at *3 (E.D. Tex. Sept. 29, 2004) (citing *McCampell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448-49 (N.D. Tex. 1997). The Fifth Circuit has previously stated that when sanctioning, the district court has a duty to impose the least harsh penalty available. *Akin v. Q-L Investments, Inc.*, 959 F.2d 521, 535 (5th Cir. 1992). When a litigant's abuse overburdens the court, the Fifth Circuit has upheld the use of strong sanctions including refusal to allow the individual to file any more complaints or motions in the district court without obtaining leave of

court. *Tribbit v. Ward*, 1996 WL 101558 *1 (5th Cir. Feb 29, 1996). In addition the Court has also approved barring a litigant from filing any future *in forma pauperis* appeals. *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir. 1988). The judges of this Court have entered such orders enjoining litigants in particularly vexatious cases. *Voyd B. Burger v. United States*, C.A. 01-2357 (E.D.La. Nov. 20, 2001).

While some courts have imposed monetary penalties on such plaintiffs, this Court finds that is not the most fitting sanction in these circumstances. Jones's history of meritless filing is similar to the plaintiff in *McSmith v. Chasez*, 2007 WL 1097400 at *5 (E.D.La. Feb. 22, 2007) where the plaintiff was ordered to not file any future initial pleadings to commence a civil action in the future without first obtaining written permission to do so from a district judge of this court. Thus, the plaintiff should be similarly sanctioned. This Court does not wish to unfairly burden the plaintiff; rather, this sanction is designed to reduce his exploitation of the court system.

Accordingly,

> IT IS ORDERED that the plaintiff's application to proceed *in forma pauperis* is GRANTED. Rec. Doc. 2
>
> IT IS ORDERED that the plaintiff's motion for recusal of Judge Berrigan is DENIED. Rec. Doc. 30 and 31.
>
> IT IS ORDERED that the plaintiff's motion for a three judge panel is DENIED. Rec. Doc. 45
>
> IT IS ORDERED that the state defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED. Rec. Doc. 69.
>
> IT IS ORDERED that the defendants Orillion and Harris's motion to dismiss under Fed. R. Civ. P. Rule 12(b)(5) is DENIED. Rec. Doc. 18.

IT IS ORDERED that the defendants First Bank and Trust, The Times-Picayune, LLC, The New York Times Company, and Cox Enterprises, Inc.'s motions to dismiss for failure to state a claim are GRANTED. Rec. Doc. 40, Rec. Doc 49, Rec. Doc. 62, Rec. Doc. 72.

IT IS ORDERED that the defendants First Bank and Trust's motion for attorney's fees and costs is DENIED.

IT IS ORDERED that the Clerk of the Court not accept any future initial civil pleadings of any kind from the plaintiff unless that pleading is accompanied by advance written permission of a district judge of this court granting him leave to file the pleading.

New Orleans, Louisiana, this 15th day July, 2010.

                                            Helen G. Berrigan
                                            United States District Judge